**HARRIS TRUCK LINES, INC., Plaintiff-Appellant,**

v.

**CHERRY MEAT PACKERS, INC., Defendant-Appellee.**

**No. 13517.**

United States Court of Appeals Seventh Circuit.

May 10, 1962.

Rehearing Denied June 21, 1962.

---

Joseph E. Bell, Thomas P. Ward, Chicago, Ill., for appellant.

John J. Kelly, Jr., Chicago, Ill., Kelly, Kelly & Kelly, Chicago, Ill., of counsel, for appellees.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This appeal involves a suit brought in the District Court by Harris Truck Lines, Inc., plaintiff-appellant, to recover freight charges alleged to be due it from Cherry Meat Packers, Inc., defendant-appellee. Defendant's answer denied the indebtedness and asserted a counterclaim for damages allegedly sustained by reason of the negligence of the plaintiff in failing to provide adequate refrigeration for frozen meat shipped by defendant. Plaintiff's answer to the counterclaim denied its failure to provide adequate refrigeration, averred lack of negligence on its part, and alleged that whatever damage occurred was attributable to the condition of the meat when delivered for shipment, to the inherent nature of the shipment, and to the action of the defendant.

The cause was tried without a jury. The District Court dismissed plaintiff's complaint and entered judgment for defendant on its counterclaim. A motion by the plaintiff for a new trial was denied June 28, 1961. On July 13, 1961, in the absence of the trial judge an emergency judge sitting during the summer recess entered an order, on the motion of plaintiff's attorney of record, that the time within which plaintiff might file a notice of appeal was extended to August 11, 1961. Plaintiff's notice of appeal was filed on that date.

A crucial and threshold issue presented for our determination is whether plaintiff's notice of appeal was timely filed so

as to give this Court jurisdiction. And, resolution of that issue depends upon whether the District Court had jurisdiction, under the facts and circumstances disclosed by the record before it, to grant the extension it did.

■ The time requirement within which an appeal must be taken is mandatory and jurisdictional. Ray et al. v. Morris et al., 7 Cir., 170 F.2d 498; Marten v. Hess et al., 6 Cir., 176 F.2d 834, 835. In the instant case the applicable statute and rule (28 U.S.C.A. § 2107 and Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.) fixed the time within which notice of appeal was required to be filed as 30 days from the order denying plaintiff's motion for a new trial except that "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment" the District Court is authorized to extend the time for appeal not exceeding 30 days from the expiration of the original time prescribed.

In Howard v. Local 74, etc., 7 Cir., 208 F.2d 930, this Court in dismissing an appeal had occasion to observe (p. 932):

> "Thus, it is clear that a lower court has jurisdiction to extend the time for appeal only if a basis for that jurisdiction is found within the express provisions of Rule 73(a), viz., a showing of 'excusable neglect based on a failure' of a party to learn of the entry of the judgment."

With these principles in mind we turn to consideration of the facts and circumstances, as disclosed by the record before the District Court, upon which the extension was granted. There is no question that plaintiff's attorney of record in the trial court action had notice of the entry of the judgment sought to be appealed from and of the order denying a new trial. Plaintiff's motion for extension was grounded on the assertion that a Los Angeles, California, attorney, not an attorney of record in the cause but described as "co-counsel", had gone on a vacation before learning of the denial of the motion for a new trial and would not

return to his office until July 21, 1961. At the hearing on the motion for an extension of time for appeal plaintiff's trial court counsel advised the court that "this is the only matter we have ever had from Harris Truck Lines. It was sent to us by Jack Oliver Goldsmith, a Los Angeles attorney. Judge LaBuy found against the plaintiff-counter defendant, and we advised Mr. Goldsmith of that. Then we filed a motion for new trial, and before the denial of Judge LaBuy on our motion for new trial, Mr. Goldsmith went on a vacation to Mexico."

■ Whatever the relation of Goldsmith to the plaintiff he was neither a "party" to the cause nor an attorney of record therein. He was not entitled to notice and conceding that he lacked knowledge of the denial of the motion for a new trial it is of no avail to plaintiff. No showing was made that Harris Truck Lines did not learn of the entry of the judgment and of the order denying a new trial. There was but an assertion of counsel that a "co-counsel" not of record in the cause had gone on a vacation before denial of the motion for a new trial and would not return until July 21, 1961. Neither the motion for extension nor any of the assertions made at the hearing (no testimony or evidence was adduced in support of the motion) support a finding or conclusion that the plaintiff was unaware of the entry of the judgment or of the order. And such a showing is a mandatory prerequisite to the District Court's jurisdiction or authority to grant an extension of the time for appeal.

■ Moreover, notice to plaintiff's attorney of record of the judgment and of the denial of the motion for a new trial constituted notice to the plaintiff. Rule 5, Federal Rules of Civil Procedure (28 U.S.C.A.); Howard v. Local 74, etc., supra. No showing was made before the District Court that would justify an exception to the general principle, recognized by Rule 5, that notice to counsel of record is notice to the party he represents.

We conclude that the District Court was without jurisdiction to enter the ex-

tension it did and that therefore plaintiff's notice of appeal was not timely filed. Consequently, this Court is without jurisdiction except to dismiss the appeal.

■ Plaintiff asserts that defendant's belated challenge to jurisdiction made subsequent to the filing of plaintiff's brief (which brief was filed pursuant to extensions of time agreed to by the defendant) violates Rule 15(f) of this Court (28 U.S.C.A.) which requires that a motion raising a jurisdictional question in a cause pending on appeal "shall be made as soon as possible". But a violation of that rule cannot have the effect of conferring jurisdiction upon this Court. It does, however, in the instant case justify the imposition of costs against the defendant-appellee. Cf. Jarecki v. Whetstone, 7 Cir., 192 F.2d 121, 124–125.

Plaintiff's appeal is dismissed but costs are assessed against the defendant-appellee.

Appeal dismissed.