# HARRIS TRUCK LINES, INC., *v.* CHERRY MEAT PACKERS, INC.

No. 435. Decided December 17, 1962.

*Harlan L. Hackbert* for petitioner.

*John J. Kelly, Jr.* for respondent.

PER CURIAM.

The petition for writ of certiorari is granted and the judgment is vacated. Petitioner, a presently defunct interstate motor carrier which had its principal place of business in California, sued respondent, a shipper, in the District Court for the Northern District of Illinois for underpayment of freight charges. Respondent counter-claimed for damages to its freight. Local trial counsel was engaged for the suit by petitioner's general counsel in

Los Angeles. The trial court ultimately dismissed petitioner's complaint and entered judgment for respondent for $11,347.52 on its counterclaim. Petitioner filed a motion for new trial, which was denied on June 28, 1961. On that date petitioner's general counsel, who by virtue of the fact that petitioner was winding up its business during 1961 had been delegated sole responsibility for all corporate decisions with respect to pending litigation, was vacationing in Mexico and could not be reached. He did not return to this country until July 20. In view of trial counsel's inability to contact the general counsel in order to ask whether to appeal, he instead came before the District Court in Illinois on July 13, stated his problem, and asked for an extension of time within which to appeal beyond the 30-day limit prescribed by Fed. Rules Civ. Proc., 73 (a), an extension which by the terms of the rule is limited to a period "not exceeding 30 days from the expiration of the original time herein prescribed." Opposing counsel, having been given notice, was present. The motion judge granted an extra two weeks, until August 11. Notice of appeal was filed on August 11. The Court of Appeals initially denied a motion of respondent to dismiss the appeal, and called for briefs on the merits. The court thereafter reconsidered and dismissed the appeal, holding that a showing of "excusable neglect based on a failure of a party to learn of the entry of the judgment," Fed. Rules Civ. Proc., 73 (a), had not been made out to the motion judge, that there was hence no basis for waiving the 30-day limit, and that the appeal was untimely filed and had to be dismissed for lack of appellate jurisdiction. 303 F. 2d 609.

The District Court properly entertained the motion here in question to extend petitioner's time to appeal to the Court of Appeals before the initial 30 days allowed for docketing the appeal had elapsed. Fed. Rules Civ. Proc., 73 (a), which governs here, is not limited to mo-

tions made after the 30 days have expired. See 7 Moore, Federal Practice (2d ed. 1955), ¶ 73.09[3]; *North Umberland Mining Co.* v. *Standard Acc. Ins. Co.,* 193 F. 2d 951, 952 (C. A. 9th Cir. 1952); *Plant Economy, Inc.,* v. *Mirror Insulation Co.,* 308 F. 2d 275, 276–277 (C. A. 3d Cir. 1962). The standard applicable on such a motion, whether it is made before or after the 30 days have run, is that the movant must show "excusable neglect based on a failure of a party to learn of the entry of the judgment," Fed. Rules Civ. Proc., 73 (a). Compare 7 Moore, *supra,* ¶ 73.09[3]; Notes of Advisory Committee on 1946 Amendments to Rule 73 (a), quoted in 7 Moore, *supra,* ¶ 73.01[5], at p. 3111; *Knowles* v. *United States,* 260 F. 2d 852, 854 (C. A. 5th Cir. 1958). In view of the obvious great hardship to a party who relies upon the trial judge's finding of "excusable neglect" prior to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here, the record contains a showing of unique circumstances sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling. The judgment is vacated and the case is remanded to the Court of Appeals so that petitioner's appeal may be heard on its merits.

Mr. Justice Harlan, dissenting.

I would have denied certiorari on the ground that this case does not qualify for review under Rule 19 of this Court.

Reaching the merits, however, I would affirm the judgment below substantially for the reasons given by the Court of Appeals. *Harris Truck Lines, Inc.,* v. *Cherry Meat Packers, Inc.,* 303 F. 2d 609. Cf. *Link* v. *Wabash Railroad Co.,* 370 U. S. 626, 633–634; *United States* v. *Robinson,* 361 U. S. 220.