**LEVISA STONE CORPORATION and Johnson Brothers Limestone Company, Plaintiffs-Appellants,**

v.

**ELKHORN STONE COMPANY, Inc., Defendant-Appellee.**

No. 18931.

United States Court of Appeals
Sixth Circuit.
June 19, 1969.

James F. Fitzpatrick, Washington, D. C., Arnold & Porter, Washington, D. C., O. T. Hinton, Pikeville, Ky., on brief, for appellants.

Francis D. Burke, Pikeville, Ky., Francis D. Burke, Burke & Justice, Pikeville, Ky., on brief, for appellee.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This controversy arose as a result of the Secretary of Commerce granting loans and other financial assistance to Appellee pursuant to the Public Works and Economic Development Act of 1965, 42 U.S.C. § 3121 et seq., to enable Appellee to enter the crushed limestone market in southeastern Kentucky.

Appellants, who are presently crushing limestone in this area, sued Appellee and the Secretary of Commerce separately in the United States District Court for the Eastern District of Kentucky contending that the Secretary's financial assistance to Appellee·violated a provision of the Act that enjoins the Secretary from extending such assistance when it would lead to unfair competition. Sec. 702 Public Works and Economic Development Act of 1965, 42 U.S.C. § 3212. On September 29, 1967 Appellee and the Government, in behalf of the Secretary of Commerce, moved to dismiss the actions. On March 14, 1968 the District Court· dismissed the complaint against Appellee but took under advisement the Government's motion to dismiss the complaint against the Secretary of Commerce.

The District Court denied the Government's motion on May 13, 1968, well over the time allowed Appellants to file notice of appeal of the judgment dismissing their action against Appellee. Rule 73(a), Federal Rules of Civil Procedure allows thirty days in which to file notice of appeal.[1] On that date, however, Appellants moved for leave pursuant to Rule 73(a) (2) to extend the time for filing such notice to and including May 13, 1968. In support of their motion Appellants argued that the consequences arising from the dismissal of their action against Appellee only "became clear" on May 13, 1968, the date that the District Court rejected the Government's motion to dismiss the action against the Secretary. Appellee vigorously opposed the extension of time but the District Court, after a hearing, granted Appellants' motion and ordered that the time for filing notice of appeal be extended to and including May 13, 1968. Appellants promptly filed their notice of appeal. This was more than thirty days but less than sixty days after the judgment of the District Court dismissing Appellants' action against Appellee. The District Court, however, made no findings of fact in support of its order.

On September 9, 1968 Appellee filed in this Court a motion to dismiss the appeal. We took the motion under advisement and passed it to the hearing on the merits. On April 9, 1969 we heard oral argument on the motion and on the merits. We have concluded that we have no jurisdiction to hear the appeal and that it must be dismissed. We therefore express no opinion on the merits of this controversy.

██ Notice of appeal·from any judgment where the United States was not a party must be filed within thirty days after the entry of such judgment. Rule 73(a) Federal Rules of Civil Procedure; 28 U.S.C. § 2107. If a party does not file within the thirty day period, we lack jurisdiction to hear his appeal. Schlink v. Chesapeake & Ohio Railroad Co., 276 F.2d 116 (6th Cir.1960.)

██ Although this Court cannot waive or extend the filing period, a District Court may extend it "not to exceed thirty days * * * 'from the expiration of the original time.' " Rule 73(a)

1. The events in this case occurred before July 1, 1968. On this date Rule 73(a) of the Federal Rules of Civil Procedure was superseded by Rule 4 of the Federal Rules of Appellate Procedure.

(2); Reed v. People, 398 F.2d 800 (6th Cir.1968). The District Court, however, is not untrammeled in its power to extend the filing period; the movant must allege and show "excusable neglect" for failure to timely file his appeal and the District Court must make such a finding before it may extend the filing period beyond the first thirty days. This is the sole ground upon which the District Court may extend the filing period. Richland Knox Mutual Insurance Co. v. Kallen, 376 F.2d 360 (6th Cir.1967).

Under an earlier version of Rule 73(a) (2), "excusable neglect" could only arise where a "party [failed] to learn of the entry of judgment * * *." Although this express limitation was deleted from the Rule in 1966, it still remains the principal ground for a showing of excusable neglect. Winchell v. Lortscher, 377 F.2d 247 (8th Cir.1967.)

In the case before us Appellants do not claim that they were unaware of the judgment dismissing their complaint against Appellee. That aside, Appellants did not allege or show that their neglect was excusable, nor did the District Court find that it was; the Court without explanation granted Appellants' motion and extended the time within which Appellants could docket their appeal.

Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S. Ct. 283, 9 L.Ed.2d 261 (1962) is cited by Appellants in support of their contention that a District Court's order extending the filing period should be given great deference by reviewing courts. In *Harris*, however, the party moved to extend the filing period prior to the expiration of the initial thirty-day period. The Court held that the "obvious great hardship" to the party relying on the Judge's finding overcame what the result "should have been on the initial facts." *Harris*, of course, is distinguishable from the case before us because Appellants did not move to preserve their right within the initial thirty-day period. We do not have here an extraordinary situation where dismissal of Appellants' appeal would yield a grave injustice. Appellants knew exactly when the judgment against them was entered and they could have easily perfected this appeal within the prescribed period. As Appellee correctly points out, Appellants knew nothing more after the District Court rejected the Government's motion to dismiss the action against the Secretary of Commerce than they did before. These circumstances do not suggest "excusable neglect." And since the District Court did not find that they did, its order extending the time for filing notice of appeal was of no effect and we have no jurisdiction to hear the appeal.

Appeal dismissed.