**In re William A. DiDIO, Trustee of Dorothy M. DiDio under Deed of Trust Dated the 7th Day of February, A.D., 1969, Bankrupt.**

**Bankruptcy No. 76–305WK.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 15, 1979.

---

Herman N. Silver, George V. Strong, Jr., Philadelphia, Pa., Mitchell W. Miller, Norristown, Pa., for bankrupt.

\* The following Opinion constitutes findings of fact and conclusions of law.

1. Bankruptcy Rule 802(a) reads as follows:

Louis M. Graboyes, Bala Cynwyd, Pa., Henry Wessel, Philadelphia, Pa., for trustee.

John H. Potts, Philadelphia, Pa., for Frankford Trust Co.

Melvin J. Buckman, Philadelphia, Pa., for Home Unity Savings & Loan Assn.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The Bankrupt in this Case, William A. DiDio, has filed a pro se Application for Extention (sic Extension) of Time for Appeal. DiDio seeks additional time beyond the normal ten (10) days to appeal the October 5, 1979, Order of this Court alleging that as a result of a serious family illness the failure to appeal was due to "excusable neglect."

In his application, brought pursuant to Rule 802(c) of the Rules of Bankruptcy Procedure, DiDio avers that the Order of October 5, 1979, which directed the abandonment of estate property, was not received by him and that the existence of said Order was not communicated to him until October 19, 1979, a date well beyond the ten (10) day appeal period.\*

During this period of time, DiDio's mother received a very serious injury which required hospitalization and surgery. DiDio contends that due to the concern and fatigue precipitated by his mother's illness, he was unable to visit his post office box. This failure, he contends, explains his lack of knowledge of the October 5, 1979 Order.

Bankruptcy Rule 802(a) requires that a notice of appeal be filed with the referee (sic judge) within ten (10) days of entry of the order or judgment appealed from.[1] Although the judge may extend the time for filing this notice of appeal for up to twenty (20) days, the request to extend the time must be made within the initial

"The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from . . ."

ten (10) day period. Bankruptcy Rule 802(c).[2] The judge may grant a request for extension of time made after the ten (10) days have expired but only upon a showing of excusable neglect by the moving party and only if the order or judgment appealed from did not authorize the sale of property. Id.

The Advisory Committee's Note to Rule 802 states that it "is an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure". The two (2) provisions parallel one another, differing only in the time limits they impose. Rule 4(a) was derived from Rule 73(a) of the Federal Rules of Civil Procedure "without any change of substance." Advisory Committee Note to Rule 4(a); *In re George Richard Featherston*, 2 B.C.D. 122 (W.D.Wis.1976). In two (2) cases, *In re Butler's Tire & Battery Co.*, 592 F.2d 1028 (9th Cir. 1979) and in *Files v. City of Rockford*, 440 F.2d 811 (7th Cir. 1971), the courts traced in detail the history of Rule 73(a), Fed.R.Civ.P., from which, as already mentioned, Rule 4(a) Fed.R.App.P., was derived and observed that the former permitted an extension of time only upon a showing of excusable neglect based upon the failure of the party to learn of the entry of the judgment and that the latter is more liberal in that it empowers the district court to extend the time upon a showing of excusable neglect of any kind. Notwithstanding, the courts adopted the recommendation of the Advisory Committee that only the failure to learn of the entry of the judgment should ordinarily excuse the party and that the power to extend the time in other cases should be exercised only in extraordinary cases where injustice would result.

Furthermore, most courts have taken a very careful look at the factual situations involved before granting the desired relief. Federal courts have been less lenient in considering whether the neglect to file an appeal within the time extended by rule or statute is excusable than they have been in other matters involving the failure to act timely. In fact, the bankruptcy rules are more severe with respect to appeals, for Bankruptcy Rule 906(b)(2) which is a general grant of power to the bankruptcy court for authorizing extensions of time, expressly forbids such extensions in certain post-judgment acts, among them appeals under Bankruptcy Rule 802, except to the extent the specific rule itself permits. *In re George Richard Featherston*, supra, 2 B.C.D. at 124.

■ DiDio's contention that he lacked knowledge of the October 5, 1979 Order of this court is without merit. At the October 3, 1979 hearing, regarding the Trustee's Application to Abandon the Property, where both parties were given an opportunity to present evidence, DiDio appeared without counsel and at the conclusion of the hearing, requested a continuance to obtain counsel. This request was granted and DiDio was ordered to obtain counsel within twenty-four (24) hours. At the conclusion of the hearing, a ruling on the Application to Abandon was held *curia advisari vult* until October 4, 1979, at 5:00 P.M. DiDio's failure to comply with the order to obtain counsel forced the court on October 5, 1979, to enter the Order abandoning the property. Therefore, DiDio was well aware of the court's intention to enter the Order.

■ Counsel has attempted, by letter, to convince the court that opposing counsel first notified him of the Order on October 9, 1979, and that he first received a copy of the Order from opposing counsel on October 11, 1979. This court is not persuaded by the recollection of counsel. Notice of the Order was mailed to all parties in interest, including counsel on October 5, 1979, the date of its entry. Counsel's correct name and address appear prominently on the Order it-

---

**2.** Bankruptcy Rule 820(c) provides:

"The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property."

self. The inescapable conclusion that must be drawn is that counsel received notice of the Order and failed within the ten (10) days to appeal. Notice to one's counsel is imputed to the party. *Winchell v. Lortscher*, 377 F.2d 247 (8th Cir. 1967); *Harris Truck Lines, Inc. v. Cherry Meat Packers*, 303 F.2d 609 (7th Cir. 1962), vacated on other grounds, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1961); *Howard v. Local 74, Wood, Wire and Metal Lathers International*, 208 F.2d 930, 933 (7th Cir. 1953). See also 2 Moore Federal Practice § 5.06, n. 1, p. 1351; 7 Moore Federal Practice § 73.09[3], n.5, pp. 3176–3178.

Although the court can sympathize and draw on its own experience to recall the sorrow and grief which accompanies the illness of a loved one, it is forced to conclude that the facts here presented have not shown "excusable neglect" which would justify an extension of time for appeal.

In addition to DiDio's actual knowledge of the Order, and that imputed to him by the notice to counsel, DiDio's inability to bring this bankruptcy proceeding to a conclusion weighs heavily against him. The petition for arrangement under Chapter XI was filed almost four (4) years ago. Shortly thereafter, numerous members of the same family were involved in bankruptcy proceedings, each somehow involving the bankrupt before the court now. DiDio has frequently been before this and other courts and has displayed a commendable grasp of his financial straits and the legal process.

While DiDio's past attempts to postpone the inevitable have been, at times, gallant, this current attempt lacks merit and must be denied. DiDio's knowledge, actual and imputed, of the Order forces this court to deny the Application for Extension of Time for Appeal.