**IMPORT SPECIALTIES, INC., Plaintiff,**

v.

**MYLEE DIGITAL SCIENCES, INC., Defendant.**

No. 75–C–538.

United States District Court, E. D. Wisconsin.

July 31, 1981.

Burton A. Strnad, Strnad & Gossens, Milwaukee, Wis., for plaintiff.

Charles E. Burroughs, Purtell, Purcell, Wilmot & Burroughs, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On July 9, 1981, the defendant moved pursuant to Rule 4(a)(5), Federal Rules of Appellate Procedure, for an extension of time in which to file a notice of appeal in this action. On July 17, 1981, the plaintiff moved to compel discovery regarding the defendant's motion and for additional time in which to respond thereto.

The defendant has responded to the plaintiff's discovery motion, contending that no discovery is necessary. Upon review of the record, I find that I need not decide the discovery motion, for I am satisfied that the defendant's motion for an extension of time should be denied.

Rule 4(a)(5) provides in pertinent part:

"The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."

The defendant contends that an extension is justified in the case at bar because of excusable neglect. To support its contention, the defendant has filed the affidavit of its recently-elected president, James R. Moog.

Mr. Moog avers that it was not until June 17, 1981, that the defendant's board of directors learned of the judgment entered against the defendant in this case on May 13, 1981. The reason for the delay was that Mr. Moog's predecessor as president failed to inform the board of directors about the judgment even though the board has the sole authority to decide what actions the company will take in litigation involving it. No explanation for the failure to inform the board is presented. Mr. Moog concludes:

"[S]ince the decision to file an appeal from the judgment was not brought to the Board's attention in a timely fashion, the company has been deprived of an opportunity to file a timely appeal due to the excusable neglect of its prior President and Chief Executive Officer." Affidavit of James R. Moog, dated June 30, 1981, ¶ 3.

Rule 4(a)(5) does not define the term "excusable neglect," and the matter has been left primarily to the discretion of the district court hearing a motion pursuant to the rule. *Harris Truck Lines v. Cherry Meat Packers* 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261 (1962); *Files v. City of Rockford*, 440 F.2d 811, 816 (7th Cir. 1971). The phrase is to be interpreted strictly, however. Stern, *Changes in the Federal Appellate Rules*, 41 F.R.D. 297, 298–99 (1967); *see Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979).

The defendant contends that the 1979 amendment to this rule, which added the phrase "good cause," means that a more liberal standard is to be used in the application of this rule. *See Davis v. Page*, 618 F.2d 374, 378 (5th Cir. 1980); *Chipser, supra*, at 1063 n.2. The comments to the rule do not support this interpretation; they state that the standard of excusable neglect

alone applies to the situation at bar. Rule 4(a)(5), Notes of the Advisory Committee on Appellate Rules; *see* 9 Moore's Federal Practice ¶ 204.13[1.–1].

The affidavit submitted by Mr. Moog substantiates that his predecessor neglected the matter of the appeal, but I find nothing in the record that comes anywhere near to showing that such neglect is "excusable." On the contrary, it appears to be plain, old-fashioned carelessness. This is not a case where an ambiguity in a court procedure misled a litigant, *see Thompson v. Immigration and Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); *Harris Truck Lines, supra* ; *Chipser, supra* ; nor is it a situation where the litigant was unsophisticated, *cf. Bach v. Coughlin*, 508 F.2d 303 (7th Cir. 1974) (denying amendment of an appeal by a pro se litigant after the expiration of the time period of Rule 4(a)). I have reviewed *Davis, supra*, but I do not find it to be controlling. The record before me reveals little more than a "palpable mistake" by an experienced businessman. *Cf. Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976) (affirming the denial of a Rule 4(a)(5) motion because all that was shown was the "palpable mistake by experienced counsel.").

Based on the record before me, it is abundantly clear that the defendant has failed to make a showing of excusable neglect. I am satisfied that a better exercise of my discretion is to deny the defendant's motion for an extension of time. This ruling renders the plaintiff's motion to compel discovery moot.

Therefore, IT IS ORDERED that the defendant's motion for an extension of time in which to file a notice of appeal be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion to compel discovery be and hereby is dismissed as moot.