In re WRIGHT AIR LINES, INC., d/b/a Wright Aviation Services, a/k/a Garsco, Inc., a/k/a Air Cleveland, Inc., a/k/a Aerotech, Inc.

Bankruptcy No. B84–2493.
Adv. No. B85–0519.

United States Bankruptcy Court,
N.D. Ohio, E.D.

April 17, 1986.

Ronald Rubenstein, Cleveland, Ohio, for Wright Airlines.

Lynn Toler, Arter & Hadden, Cleveland, Ohio, for Fleet Credit Corp.

Richard A. Baumgart, Dettlebach & Sicherman Co., L.P.A., Cleveland, Ohio, for Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the motion of Fleet Credit Corporation (Fleet) for leave to file its notice of appeal, instanter, respecting an order earlier entered by this Court. In response thereto, the Court-appointed Trustee, Richard A. Baumgart (Trustee), caused to be filed his brief in opposition to the granting of such leave. Fleet's motion relates to an order entered by this Court authorizing the Trustee to sell certain personal property. A judgment entry confirming the sale of the personalty was entered on March 7, 1986. No appeal, or request for an extension of time to perfect an appeal, was filed within the ten-day time period prescribed by Rule 8002. Fleet now seeks relief to appeal instanter.

In support of Fleet's motion for leave to file its notice of appeal instanter, it acknowledged that the ten-day appeal period allotted by Rule 8002 of the Bankruptcy Code had lapsed prior to its present motion, but further states that its failure to timely perfect its appeal was due to no fault of its own. It further contended that such neglect was attributed to inadvertent misinformation between its counsel and the Bankruptcy Court Clerk's Office and an inadvertent failure to receive a copy of the subject order from the Trustee. Fleet's aforementioned contentions were supported by affidavits.

In opposition, the Trustee asserts that Fleet's motion for leave to appeal instanter should be denied for the following reasons: 1) Such leave is expressly prohibited by the provisions of Rule 8002(c), thereby causing this Court to lack power or jurisdiction to grant the relief sought; 2) Rule 9006(b)(3) serves as a limitation on the Court's ability to grant the extension; 3) the subject order concerns a sale which has been concluded; and 4) the Trustee timely mailed a copy of the subject order to Fleet's counsel by which it could have timely perfected its appeal. The Trustee's contentions, likewise, were supported by an affidavit.

Bankruptcy Rule 8002(a) requires that a notice of appeal shall be filed with the Clerk of the Bankruptcy Court within ten (10) days of the date of the entry of the judgment, order, or decree appealed from. Rule 8002(c) permits a twenty-day extension if a request to extend the time is made

before the time for filing a notice of appeal has expired, except that a request made no more than twenty (20) days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect, if the judgment or order appealed from does not authorize the sale of any property. The order appealed from in the matter at bar does authorize the sale of property. It is further noted that the advisory notes to Rule 8002 clearly indicate that even if the movant establishes excusable neglect, there is no authority in the Bankruptcy Code or Rules to allow an appeal under Rule 8002(c):

> Orders of the bankruptcy court relating to the sale of property ... are of such significance to the administration of the case ... that this subdivision requires that either an appeal or a motion for extension be filed within the original 10 day period. (Bankr.R. 8002, advisory committee note).

This matter concerned the sale of personal property. The movant, Fleet, did not appeal or file a motion for extension within the original ten-day period. Consequently, Fleet is ineligible for relief under 8002(c) even if this Court were to find excusable neglect.

As a matter of law, this Court lacks authority to grant the relief sought by Fleet. Not only does Rule 8002 support this finding but other procedural rules, in reference to 8002, reemphasize this point. For example, Rule 9022 provides that the "lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." While the failure to learn of the entry of a judgment might ordinarily be considered a sufficient basis for excusable neglect, Rule 9022 specifically provides that such lack of notice will not affect the appeal period, except if it falls within the parameters of Rule 8002. *In re DiDio*, 1 B.R. 196, 198 (Bankr.E.D.Pa. 1979).

Bankruptcy Rule 9006(b) further places a limitation on this Court's authority to enlarge the time for filing an appeal. That rule clarifies beyond doubt that extensions can be allowed only in accordance with the provisions set forth in Rule 8002. Additionally, and especially applicable to the present facts, pertinent provisions of 11 U.S.C. § 363(m) amply demonstrate that the protection afforded to sales of property is more favored than the protection available to an appellant.

In view of the above findings, it becomes unnecessary for this Court to address the excusable neglect exception, since the Court lacks authority as a matter of law to grant the relief sought by Fleet.

Accordingly, the movant's motion to file a notice of appeal instanter is denied.

IT IS SO ORDERED.