**AMAX COAL COMPANY, Petitioner,**

**v.**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,**

**and**

**Rosemary Oxendine, Respondents.**

**No. 89–1144.**

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1989.

Decided Dec. 26, 1989.

Ronald E. Gilbertson, argued, Kilcullen, Wilson & Kilcullen, Washington, D.C., for petitioner.

Michael J. Denney, Richard Zorn, argued, Dept. of Labor, Office of the Sol., Carla Chapman, Benefits Review Bd., Dept. of Labor, Washington, D.C., for respondents.

Before COFFEY and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Amax Coal Company has petitioned for review of an unpublished order of the Benefits Review Board ("the BRB"), *Oxendine v. Amax Coal Company*, No. 86–2373, Ben.Rev.Bd. (November 28, 1988). The BRB order affirmed an order issued August 12, 1986 by Administrative Law Judge Arthur C. White. Judge White's order required Amax to pay black lung benefits to Rosemary Oxendine from June 1, 1979 through December 31, 1980, and to reimburse the Secretary of Labor for benefits paid by the Secretary. There had been other orders at earlier stages, but because of our view of the case, we need be concerned only with the effect of an earlier order of Judge White issued April 21, 1982.

Lester Richards, Rosemary's late husband, an employee of Amax, had filed an application for black lung benefits in 1973. There is a dispute over the legal effect of correspondence concerning his claim. Mr. Richards died in 1979, and his widow (now named Oxendine) filed an application on her own behalf.

After a hearing, Judge White issued an order April 21, 1982. He concluded that the Black Lung Benefits Amendments of 1981 applied to Mrs. Oxendine's claim, and, as a result, liability for the claim was transferred from Amax to the Black Lung Disability Trust Fund. Paragraph 1 of the order dismissed Amax, and Paragraph 2 found the Trust Fund liable for payment of benefits from June 1, 1979 through December 31, 1980, the widow having remarried on January 3, 1981. Paragraph 3 returned the proceeding to the Deputy Commissioner "for payment in accordance with this decision." Paragraph 4 afforded the parties thirty days to submit additional evidence relevant to the applicability of the '81 Act, or set forth other issues. Paragraph 5 provided that "this Decision and Order shall become effective on the 31st day after the date of this Order."

The decision and order were mailed to the parties and to the Deputy Commissioner, Division of Coal Mine Workers' Compensation, Department of Labor, and filed in his office, apparently April 22, 1982.

The threshold issue is whether this order became effective when filed in the Deputy Commissioner's office, and became final at the expiration of the thirtieth day thereafter, as the governing statute prescribes, or whether Paragraph 4 delayed its becoming effective and its becoming final notwithstanding the terms of the statute.

If the order became effective upon filing on April 22, it became final at the expiration of May 22. The Director's motion for reconsideration filed May 27, upon which all further proceedings depended would

then be untimely. As a result, the subsequent proceedings (including the BRB order now under review) would be a nullity. Amax has argued this position at each appropriate stage. If, however, the order only became effective May 22, as the order itself provided, it arguably had not become final by May 27. The motion for reconsideration would then be timely, the subsequent proceedings had vitality, and the merits of the BRB order are before us.

The controlling statute provides that

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

33 U.S.C. § 921(a).[1] Subdivision (b)(3) provides for the appeal of compensation orders to the Benefits Review Board. A regulation adopted by the Department of Labor under the Black Lung Benefits Act permits motions for reconsideration of compensation orders, if made within thirty days after the filing of the order. 20 C.F.R. § 725.479(b). Motions for reconsideration suspend the finality of a decision for purposes of appeal to the BRB. 20 C.F.R. § 725.479(c).[2]

It is understandable why Judge White wanted to give notice of his decision to transfer liability for Mr. Richards' benefits to the Trust Fund before making that decision effective. The question of transfer-

ring liability to the Trust Fund for claims denied before March 1, 1978 was at the time quite new, as the 1981 amendments to the Black Lung Benefits Act which established the Trust Fund had become effective January 1, 1982, after the case was tried. Pub.L. 97–119, Title II, Section 206(a). Neither Mrs. Oxendine nor Amax had raised the issue, and neither had much incentive to contest transfer of liability to the Trust Fund, since Amax would be relieved of liability by the transfer, and Mrs. Oxendine's position would not change. Judge White may have felt some duty to protect the Fund, or at least to give the Director a chance to present evidence and argue against transferring liability. Issuing a decision and order, yet postponing its effectiveness for thirty days, extended the Director's opportunity to contest the ALJ's decision from thirty to sixty days. If the Director chose not to contest the decision and order, it would become effective with no further action by the ALJ.

Nevertheless, the ALJ had at least two other options available which would have given the parties the chance to address the transfer issue, without actually filing the decision and order. The ALJ could have notified the parties of his decision to transfer liability from Amax to the Trust Fund, and that he would file his decision after thirty days had passed unless someone objected, keeping the record open for that period in order to consider additional evidence pursuant to 20 C.F.R. § 725.456(e).[3] Or, the ALJ could have issued an order to show cause why Amax should not be dis-

---

1. The relevant statutory provisions, including the grant of our jurisdiction to review decisions by the Benefits Review Board, are incorporated from the Longshore and Harbor Workers' Compensation Act ("The Longshore Act"), 33 U.S.C. § 901, *et seq.*, into the Black Lung Benefits Act. 30 U.S.C. § 932(a).

2. Although the statute does not provide for motions for reconsideration, the Black Lung Benefits Act gives the Secretary of Labor the power to modify by regulation sections adopted from the Longshore Act, power not granted by the Longshore Act itself. 30 U.S.C. § 932(a) (adopting portions of the Longshore Act "except as otherwise provided ... by regulations of the Secretary...."). See *Jeffboat, Inc. v. Mann,* 875 F.2d 660, 664 (7th Cir.1989); *Patton v. Director,*

*Office of W.C. Prog. Etc.,* 763 F.2d 553, 559–60 (3d Cir.1985).

3. Regulation § 725.456(e) provides
If, during the course of a hearing, it is determined by the administrative law judge that the documentary evidence submitted in accordance with this section is incomplete as to any issue which must be adjudicated, the administrative law judge may, in his or her discretion, remand the claim to the deputy commissioner with instructions to develop only such additional evidence as is required, or allow the parties a reasonable time to obtain and submit such evidence, before the termination of the hearing.

missed from the case, giving the parties a reasonable time to respond to the order with argument and evidence. 20 C.F.R. § 725.465(c).[4]

The ALJ did neither, but instead filed the decision and order dismissing Amax with the deputy commissioner—all that is necessary under the statute and regulation to make an order effective—yet purported to postpone that order's effectiveness.

On appeal, the BRB held that the Director's motion for reconsideration was timely, citing its decision in *Fisher v. Duquesne Light Co.*, 8 Black Lung Rep. (MB) 1–136 (Ben.Rev.Bd.1985). In *Fisher*, as in this case, an ALJ had issued a decision and order which stated that it "shall become effective on the 31st day after the date of this Order." The ALJ, though, denied as untimely a motion for reconsideration filed fifty-three days after the order was issued. The Board reversed, holding that the order's language

> specifically suspended the effective date for thirty days, [so] the filing date in this case must be considered to be thirty days after the Decision and Order issued. A Motion for Reconsideration filed within

sixty days after the Decision and Order was issued therefore would be timely. *See* 33 U.S.C. § 921(a).

*Id.* at 1–138. The BRB did not explain in *Fisher* (nor the ALJ in this case) where an ALJ derives authority to contravene the seemingly mandatory language of § 921(a) that a "compensation order *shall* become effective when filed in the office of the deputy commissioner" by delaying the effective date past the day the order is filed.[5]

The Director points to a number of regulations concerning the administration of cases before an ALJ, apparently claiming that the sum of these provisions creates the implicit power to extend the effective date of a filed decision and order, if there is good reason to do so. An ALJ can issue show cause orders in cases where dismissal is sought, and can consider additional evidence on issues within his or her discretion. 20 C.F.R. §§ 725.465(c), 725.456(e). The ALJ has a duty to provide the parties a fair hearing, 20 C.F.R. § 725.455(c), and is given considerable discretion in conducting that hearing. The ALJ also has authority to consider new issues not raised by the parties. 20 C.F.R. § 725.463(b).

---

4. Regulation § 725.465(c) provides

> In any case where a dismissal of a claim, defense, or party is sought, the administrative law judge shall issue an order to show cause why the dismissal should not be granted and afford all parties a reasonable time to respond to such order. After the time for response has expired, the administrative law judge shall take such action as is appropriate to rule on the dismissal, which may include an order dismissing the claim, defense or party.

5. In *Fisher*, the BRB alternatively held that the Director's motion for reconsideration was timely filed because the language in the ALJ's order misled the parties. The Director does not defend the BRB's decision in this case on that rationale. Nor does he ask us to extend our holding in *Eady v. Foerder* to cover administrative agencies. There, we held that a district court could entertain an untimely-filed motion for new trial, when trial counsel had detrimentally relied upon the court's mistaken assurance that it had authority to extend the time for filing the motion. 381 F.2d 980 (7th Cir.1967). See also *Needham v. White Laboratories, Inc.*, 639 F.2d 394, 397–98 (7th Cir.) *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 237 (1981). *Eady* derives from the analogous decisions in *Harris Lines v. Cherry Meat Packers*, 371 U.S. 215, 83

S.Ct. 283, 9 L.Ed.2d 261 (1962) and *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), where the Supreme Court recognized an equitable exception to the requirement that notices of appeal be filed on time—when counsel relies on the trial court's assurance that the time to file notice of appeal has been extended, either by its discretionary power to do so under FRCP 4(a), or by erroneously attempting to extend the time for filing post-trial motions which toll the time for filing notice of appeal. The continuing force of the *Harris Lines* and *Thompson* exceptions has been questioned, in light of the later pronouncement in *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978), that the filing of a notice of appeal is "mandatory and jurisdictional," see *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 2388, 101 L.Ed.2d 245 (1988) (Scalia, J., dissenting), as has the soundness of *Eady* itself. *Bailey v. Sharp*, 782 F.2d 1366, 1369–74 (7th Cir.1986) (Easterbrook, J., concurring). Regardless of these cases' current viability, exceptions to the general rule that filing deadlines are jurisdictional should be applied narrowly. As best we can determine, no court has transplanted either *Harris Lines* or *Eady* from their context in the Federal Rules of Civil Procedure into the varied world of quasi-judicial procedure of administrative agencies.

However, each of these provisions applies to the time *before* the ALJ makes a final decision; none grants authority to alter the statute and regulation which says that a decision and order "shall become effective" upon filing. As we noted in footnote 2 above, the Secretary of Labor has authority to modify by regulation statutory provisions adopted into the Black Lung Benefits Act from the Longshore Act (such as 33 U.S.C. § 921(a)). No Black Lung regulation alters § 921(a)'s language that "A compensation order shall become effective when filed in the office of the deputy commissioner." In fact, the relevant Black Lung regulation contains the same language as § 921(a). See 20 C.F.R. § 725.479(a).

Allowing the filing date and effective date to be separated would spoil the symmetry between the regulation governing appeals and the rules governing motions for reconsideration, and create an anomaly which could trap an unsuspecting litigant. The regulation governing appeals to the BRB requires a notice of appeal to be filed within thirty days of the day the ALJ's decision is filed in the deputy commissioner's office. 20 C.F.R. § 802.205(a). Under *Fisher*, a motion for reconsideration filed between thirty and sixty days after the filing of the ALJ's order is timely, but under the language of § 802.205(a), a notice of appeal filed in the same period would not be. If the motion for reconsideration is granted, and a new order issues, an aggrieved party can appeal the new order. However, if the motion is denied, it could be argued that the regulation, at least, does not permit an appeal from the original order (more than thirty days having passed), but only from the denial of a motion for reconsideration. In the courts, such a denial is reviewed only for abuse of discretion. See *Hough v. Local 134, IBEW*, 867 F.2d 1018, 1021–22 (7th Cir. 1989).

Section § 921(a) has been strictly interpreted, treated as setting jurisdictional barriers as absolute as those controlling appeals in the federal courts. See *Jeffboat, Inc.*, 875 F.2d at 664 (upholding BRB's dismissal of appeal from ALJ order as untimely filed, despite Deputy Commissioner's failure to send, in violation of Department of Labor regulation, a copy of the ALJ's decision to the party's attorney); *Dawe v. Old Ben Coal Co.*, 754 F.2d 225, 228 (7th Cir.1985) (affirming dismissal of appeal to BRB where the notice of appeal was filed four days late due to an attorney's error); *Bennett v. Director, Office of Workers' Comp.*, 717 F.2d 1167, 1170 (7th Cir.1983) (upholding dismissal of appeal to BRB where *pro se* litigant failed to appeal ALJ's order until notified of right to do so after consulting a lawyer). *Cf. Insurance Co. of North America v. Gee*, 702 F.2d 411, 413 (2d Cir.1983) (holding invalid a regulation which requires filing *and* mailing of copies of decision to parties and their representatives before a decision becomes effective because it modifies the "clear mandate of the statute" that only filing is necessary for effectiveness).[6]

We agree with these decisions strictly adhering to the language of § 921(a). Because we find no authority to act contrary to the plain language of the statute making an order effective upon filing, the ALJ's decision and order of April 21, 1982, became final at the expiration of the thirtieth

---

**6.** We recognize that in unusual circumstances, federal courts have postponed the consequences of their decisions beyond the date they are issued. See, *e.g.*, *Buckley v. Valeo*, 424 U.S. 1, 144, 96 S.Ct. 612, 694, 46 L.Ed.2d 659 (1976) (staying judgment for no more than thirty days after issuance of mandate); *Board of Trade of City of Chicago v. SEC*, 883 F.2d 525, 536–37 (7th Cir.1989) (postponing effect of decision for 120 days in order to allow Securities Exchange Commission to address question on remand); *Harris v. Milwaukee County Circuit Court*, 886 F.2d 982, 983–84 (7th Cir.1989) (recognizing as "unorthodox but not improper" order of district court denying plaintiff leave to proceed *in forum pauperis* but allowing plaintiff twenty days in which to pay filing fees before order automatically "ripened" into final judgment). However, there is no statutory equivalent of 33 U.S.C. § 921(a) controlling the effective date of federal court decisions. We note that our decision in *Board of Trade*, above, did not suggest that postponing the effect of our mandate would extend the time to seek review of our decision. It may be that the authority to delay effectiveness of decisions lies in the inherent powers of courts.

day after it was filed in the deputy commissioner's office. Therefore, the Director's motion for reconsideration, upon which depended the validity of all later proceedings, was untimely. The decision of the Benefits Review Board is VACATED.[7]

---

**7.** The Director has attached to his response brief a copy of a letter dated April 4, 1977 from an Office of Workers' Compensation Programs claims examiner to Lester Richards, affirming the OWCP's previous determination that Mr. Richards was not entitled to benefits. Since this letter was not presented to the ALJ or the Board, Amax has moved to strike the letter and any reference to it from the Director's brief. Because we do not reach the question of the significance of the letters exchanged by the OWCP and Mr. Richards, this motion is dismissed as moot.