943 F.2d 49
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nadia D. JONES, Plaintiff-Appellant,
v.
AT & T TECHNOLOGIES, INC., Defendant-Appellee.
 No. 90-2921.
 United States Court of Appeals, Fourth Circuit.
 Argued July 10, 1991.
Decided Aug. 30, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CA-89-137-G-C)
 Edwin Norris Wilmot, Glen Allen, Va., for appellant.
 Max Daniel McGinn, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C. (Argued), for appellee; William P.H. Cary, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., on brief.
 M.D.N.C.
 DISMISSED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Nadia D. Jones (Jones) appeals the district court's grant of summary judgment against her on her Title VII and 42 U.S.C. § 1981 claim against her former employer, AT & T. Because Jones failed to file her notice of appeal within the thirty day time limit provided by Fed.R.App.P. 4(a)(1), we dismiss the appeal.
 
 
 2
 On October 3, 1990, the district court entered a judgment in favor of AT & T, dismissing Jones' claims of employment discrimination which she was then prosecuting pro se. The court also issued a memorandum opinion on the same date. On October 16, 1990, the district court issued a superseding memorandum which ordered that the October 3, 1990 opinion was "null and void." However, the October 3, 1990 judgment was not withdrawn and no new judgment was entered on the docket. The superseding memorandum opinion did not alter the substance of the district court's decision; it only eliminated two sentences that discussed AT & T's attorney's conduct during Jones' deposition.
 
 
 3
 Federal Rule of Appellate Procedure 4(a)(1) requires that a party file a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). Under the plain language of the rule, the thirty day period is triggered on the date of entry of judgment rather than the date a court files a memorandum opinion. Here, the appeal period began on October 3, 1990, the date the judgment was entered, not on October 16, 1990 when the superseding memorandum opinion was issued. Jones' appeal is therefore untimely.
 
 
 4
 Jones argues, however, that the doctrine of "unique circumstances" applies to her case. A brief review of the way in which courts occasionally have applied this doctrine reveals that it does not offer Jones any relief. The Supreme Court first explained the "unique circumstances" doctrine in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962). In Harris, the court of appeals had found that the district court had erroneously granted the appellant an extension of time to file a notice of appeal and therefore dismissed the appeal as untimely. The Supreme Court reversed, holding that the case presented "unique circumstances" in which the appellant had reasonably relied on the district court's grant of an extension of time. Id. at 217.
 
 
 5
 The Supreme Court next applied the "unique circumstances" doctrine in Thompson v. Immigration and Naturalization Service, 375 U.S. 384 (1964). In Thompson, the district court erroneously had found that the appellant's motion for a new trial was timely, and the appellant relied on this ruling in determining the appropriate time period for filing his appeal. The Supreme Court determined that the "unique circumstances" doctrine as articulated in Harris applied equally well to the Thompson case:
 
 
 6
 Here, as there [Harris ], petitioner did an act which, if properly done, postponed the deadline for the filing of his appeal. Here, as there, the District Court concluded that the act had been properly done. Here, as there, the petitioner relied on the statement of the District Court and filed the appeal within the assumedly new deadline but beyond the old deadline....
 
 
 7
 Id. at 387. The hallmark of the doctrine is revealed in these cases to be the doing of some act by a court itself which misleads an appellant on the critical matter of the time available for filing notice of appeal. In the present case, however, Jones' filing of her untimely notice of appeal was not caused by reasonable reliance on any statement or action of the district court. The district court's only action here was to file a superseding memorandum opinion that did not purport to change the earlier entered judgment in any respect.
 
 
 8
 Jones contends that her case is similar to Aviation Enterprises, Inc. v. Orr, 716 F.2d 1403 (D.C.Cir.1983). In Aviation Enterprises, however, the district court had vacated both its original opinion and previously entered order, and thus never had to reach the question of whether "unique circumstances" applied. The Court only discussed the "unique circumstance" doctrine in a footnote:
 
 
 9
 It may be that the District Court's action on January 5, 1982--vacating in full yet at once partly reinstating its prior order--might better be regarded in the aggregate simply as a partial vacatur of that order.... Even if we were constrained to regard the court's action on January 5, 1982, as effecting only a partial vacatur of its earlier order, a question we do not here decide, Huff Leasing's delayed filing of its notice of appeal is not fatal in this instance. Courts long have permitted parties to maintain otherwise untimely appeals in "unique circumstances"--those in which the appellant reasonably and in good faith relies upon judicial action seemingly extending the appeal period.
 
 
 10
 .............................................................
 
 
 11
 ...................
 
 
 12
 * * *
 
 
 13
 Id. at 1406 n. 25. Even if the Aviation Enterprises Court had determined that the district court only partially vacated the original order and had accordingly applied the "unique circumstances" doctrine, it would not help Jones' case. In Aviation Enterprises, Huff Leasing relied on the district court's vacating its previous order. Here, the district court never gave any indication that it was vacating its earlier entered order. Rule 4(a)(1) makes the time for filing a notice of appeal from "the date of entry of the judgment or order appealed from," rather than the date of entry of any accompanying opinion. We therefore dismiss the appeal as untimely filed under circumstances that do not invoke the saving doctrine announced in Harris.
 
 
 14
 DISMISSED.