**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CURTIS GALEN SIMPSON,

        Plaintiff-Appellant,

  v.

PAUL LUNDELL, Correctional
Officer, Utah State Prison,

        Defendant-Appellee.

No. 02-4175

(D. Utah)

(D.C. No.02:95-CV-621-DAK)

---

**ORDER AND JUDGMENT**  *

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

In July 1995, Plaintiff Curtis Galen Simpson, a state prisoner now appearing pro se, filed a civil rights action in the United States District Court for the Central District of Utah. The case proceeded to trial against Defendant Paul

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lundell, who obtained a favorable verdict. Judgment was entered on the verdict October 14, 1999.

Eleven days later, Plaintiff's counsel, Jones, Waldo, Holbrook & McDonough (Jones, Waldo), filed a post-trial motion on Plaintiff's behalf. At the same time, Jones, Waldo filed a motion to withdraw as Plaintiff's counsel. In the accompanying memorandum, Jones, Waldo explained that Plaintiff intended to appeal the jury's verdict. Plaintiff's mailing address was listed on the attached certificates of service.

The motion to withdraw was granted only two days later. Less than a week after the successful withdrawal, Plaintiff's post-trial motion was denied. Notice of that ruling was sent to Jones, Waldo but not to Plaintiff. Five days after having sent notice to Jones, Waldo, the court received Plaintiff's notice of intent to proceed pro se.

After waiting more than two years for a ruling on his post-trial motion, Plaintiff sent a letter of inquiry to the district court judge. By letter dated July 2, 2002, the judge's law clerk explained that (1) Plaintiff's motion had been denied almost three years prior; (2) despite its withdrawal, notice had been sent to Jones, Waldo; and (3) the court notified Jones, Waldo instead of Plaintiff because at the time that it ruled, the court had not received Plaintiff's notice of intent to proceed pro se. A copy of the order was enclosed.

Plaintiff responded with a letter requesting permission to file an appeal out of time. The district court denied his request, relying on Federal Rule of Appellate Procedure 4(a)(6). It explained that Rule 4(a)(6) allows the district court to reopen the time for appeal only if (1) the party seeking to reopen was entitled to, but did not receive, notice within 21 days of the judgment's entry; (2) the motion was filed within the earlier of (i) seven days after actual notice, or (ii) 180 days after entry of judgment; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6); *see* Fed. R. Civ. P. 77(d) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.") The court found Plaintiff's motion untimely. It reasoned that while the motion may have been filed less than seven days after Plaintiff received actual notice, it was not filed within 180 days after the judgment's entry, the earlier, and thus the applicable, date.

The order denying Plaintiff's motion was entered on July 17, 2002. This court received Plaintiff's notice of appeal on September 3, 2002. Under Federal Rule of Appellate Procedure 4(d), the notice was treated as received by the district court on that date—more than thirty days after Plaintiff's motion to reopen was denied. Because a timely notice of appeal is a prerequisite to appellate jurisdiction, *see Smith v. Barry*, 502 U.S. 244, 245 (1992) ("Rule 3 of

the Federal Rules of Appellate Procedure conditions federal appellate jurisdiction on the filing of a timely notice of appeal."), we directed the parties to file memoranda addressing our jurisdiction. The issue was later referred to this panel. We will address the jurisdictional issue before turning to Plaintiff's arguments on appeal. *See Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002) ("[T]his court must always satisfy itself of jurisdiction before addressing the merits of a claim.").

Plaintiff's appeal was timely if filed "within 30 days after the judgment or order appealed from [wa]s entered." Fed. R. App. P. 4(a)(1)(A). Because the relevant order was entered on July 17, 2002, Plaintiff's appeal was timely if filed on or before August 16, 2002. A pro se prisoner, like Plaintiff, is considered to have "filed" his notice of appeal when that notice is deposited in the institution's mail system, not on the date it is filed with the court. Fed. R. App. P. 4(c). Plaintiff says that he made two unsuccessful attempts to file his notice of appeal using the institution's mail system, the first of which occurred on August 5. The envelope used in this first attempt is not in the record. The envelope used in the second attempt is postmarked August 17, 2002, one day too late.

We do not know, however, on what date Plaintiff first presented his notice to prison authorities for mailing, the relevant date for our purposes. *See United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999). But there is record

evidence that his notice of appeal was deposited for mailing on or before August 16, 2002. Plaintiff's certificate of service is dated August 5, 2002, and two letters, both dated before the August 16 deadline, refer to earlier attempts at mailing. Because Plaintiff's certificate of service includes a declaration that his notice of appeal was deposited for mailing on August 5, 2002, and no contrary evidence has been presented, we consider the notice to have been filed on August 5. *See Marsh v. Soares*, 223 F.3d 1217, 1218, n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule causes us to treat the [plaintiff's habeas] petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)); *Gray*, 182 F.3d at 766. Although there are also questions about whether Plaintiff adequately addressed the envelopes he used in his failed attempts to file, we liberally apply the prisoner mailbox rule and consider his notice of appeal timely. We therefore have jurisdiction and may now address Plaintiff's arguments on appeal.

First, Plaintiff argues that under Federal Rule of Appellate Procedure 4(a)(6) a party may file a motion *either* within 180 days after entry of the judgment, or within seven days after having received actual notice. He says that he meets this standard because he filed his motion only four days after receiving notice. Next, he argues that because he justifiably relied on the court clerk to notify him when his post-trial motion was resolved, the time for appeal should

have been reopened under the unique-circumstances doctrine. *See Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962). Last, he argues that Federal Rule of Civil Procedure 77(d)—which provides that the time for filing a appeal is not affected by the clerk's failure to notify a party upon entry of judgment—does not bar the relief he seeks because (1) applying the rule under these circumstances would not further its purpose, and (2) the rule must be read in the context of Federal Rule of Civil Procedure 60(b)(6), a rule that Plaintiff believes entitles him to relief.

We review for abuse of discretion the district court's refusal to reopen the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6). *Ogden v. San Juan County*, 32 F.3d 452, 454-55 (10th Cir. 1994). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We need not address the merits of Plaintiff's arguments on appeal because those arguments were not presented to the district court. In his motion for leave to file an appeal out of time, Plaintiff simply explained how he had discovered that his post-trial motion was denied. The only argument he made in support was: "It[']s not my fault that I didn[']t file my notice of appeal. I didn[']t know about your order dated November 2, 1999." R., Plaintiff's Mot. to Reopen Time to Appeal, filed July 16, 2002, at 2. This statement was not sufficient to alert the district court to the arguments that Plaintiff now attempts to raise on appeal. We

therefore need not address them. *See King v. United States*, 301 F.3d 1270, 1274 (10th Cir. 2002) (As a general rule, "this court will not consider an issue on appeal that was not raised below.").

For substantially the same reasons stated in the district court's order, we AFFIRM. We remind Plaintiff that he is obligated to continue making partial payments toward the appellate filing fee until the entire balance has been paid.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge