**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-7002**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES LEROY JONES, JR., a/k/a Pooh,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (1:96-cr-00075-1)

———————

Submitted: October 14, 2008        Decided: October 17, 2008

———————

Before KING, GREGORY, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Charles Leroy Jones, Jr., Appellant Pro Se. John Kuchta, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; Thomas Higgins McQuillan, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Leroy Jones, Jr., appeals the district court's order denying his 18 U.S.C.A. § 3582(c) (West 2000 & Supp. 2008) motion.[*] We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. United States v. Jones, No. 1:96-cr-00075-1 (E.D. Va. Apr. 18, 2008). We deny Jones' motion to compel production of sentencing transcripts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]The district court informed Jones that he had sixty days in which to appeal. Jones filed his notice of appeal over forty days after entry of judgment. In criminal cases, a defendant must file his notice of appeal within ten days of judgment. Fed. R. App. P. 4(b)(1)(A); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies, and collecting cases adopting rule). However, an otherwise untimely notice of appeal may invoke the court's jurisdiction in "unique circumstances." See Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217 (1962). Application of the doctrine is appropriate where an appellant "relied on the statement of the District Court and filed the appeal within the assumedly new deadline but beyond the old deadline." Thompson v. INS, 375 U.S. 384, 387 (1964). The doctrine applies in this case, because the district court misled Jones regarding the appropriate time for filing his appeal when the final order mistakenly informed Jones that he had sixty days in which to file. Accordingly, Jones' notice of appeal is sufficient to invoke the jurisdiction of this court.