**Howard James MOORE, Appellant,**

**v.**

**SOUTH CAROLINA LABOR BOARD, et al.**

**No. 95–7157.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 19, 1996.

Before: WALD, WILLIAMS, and ROGERS, Circuit Judges.

ON MOTION FOR RECONSIDERATION

PER CURIAM:

This case raises the question whether the "unique circumstances" doctrine may be invoked to excuse a party's failure to file a timely notice of appeal, where the party missed the applicable deadline by relying on erroneous information received from clerk's office staff. Because we conclude that the unique circumstances exception applies only where a party who could have filed a timely notice of appeal is lulled into missing the deadline by a formal court order or ruling, containing specific assurances that action which extends or postpones the deadline has properly been taken, we are obliged to dismiss this appeal for lack of jurisdiction.

## I.

Howard Moore, proceeding pro se, filed suit in the district court against his employer, a Greenwood, South Carolina packing plant, and several South Carolina governmental agencies. The district court dismissed the complaint for lack of subject matter jurisdiction. Thirty-nine days after the order dismissing Moore's complaint had been entered on the district court's docket, Moore filed a notice of appeal. Because no federal agency or officer had been a party to the action, the notice of appeal should have been filed within thirty days after entry of the district court's order. *See* Fed. R.App. P. 4(a)(1).

Unaware that his notice of appeal was untimely, Moore did not move the district court for an extension of the notice deadline, as is permitted by Fed. R.App. P. 4(a)(5).[1] Shortly after the time for seeking an extension of the notice period had passed, this court ordered Moore to show cause why his appeal should not be dismissed for lack of jurisdiction.

Moore claims in response that he failed to file his notice of appeal within thirty days after entry of the district court's order, because a staff person in the district court clerk's office told him he had sixty days within which to file his notice, based on the fact that a government agency was among the parties to the suit. Taking Moore's allegations as true, they nonetheless are insufficient to permit this appeal to proceed.

## II.

■ In general, the time limit established by Federal Rule of Appellate Procedure 4(a) for noting an appeal of an order of the district court is mandatory and jurisdictional. *See Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). The Supreme Court has recognized a narrow exception, however, known as the unique circumstances doctrine, under which appellate courts will

excuse an untimely notice of appeal where the appellant could have filed a timely notice but was misled to delay filing by a court order or ruling which purportedly extended or tolled the appeal deadline. *See, e.g., Wolfsohn v. Hankin*, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964); *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962); *see also Center for Nuclear Responsibility v. NRC*, 781 F.2d 935, 941 & n. 11 (D.C.Cir.1986).

The Supreme Court cases inaugurating the unique circumstances doctrine all involved court rulings or orders that explicitly, although erroneously, extended the deadline for filing a notice of appeal, or the deadline for filing a postjudgment motion which tolled the time for noting an appeal. *See Wolfsohn*, 376 U.S. at 203–04, 84 S.Ct. at 699; *Thompson*, 375 U.S. at 385–87, 84 S.Ct. at 397–99; *Harris Truck Lines, Inc.*, 371 U.S. at 216–17, 83 S.Ct. at 284–85. Eventually, the exception came to be applied to trial court rulings which, although lacking explicit assurances extending or postponing the appeal deadline, nevertheless led parties reasonably to believe that the deadline had been extended. *See, e.g., Aviation Enterprises, Inc. v. Orr*, 716 F.2d 1403, 1406 n. 25 (D.C.Cir.1983) (unique circumstances exception applied where litigant believed appeal period had been extended based on district court's vacation of initial order and issuance of superseding order); *Webb v. Dep't of Health & Human Services*, 696 F.2d 101, 106 (D.C.Cir.1982) (unique circumstances exception applied where district court appeared to treat appellant's motion for attorney fees as a motion under Fed. R.Civ.P. 59(e), the proper filing of which tolls the time for noting an appeal).

In *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), however, the Supreme Court was called upon to decide whether a litigant is entitled to rely on a court's mere acceptance and processing of an untimely notice

---

1. Fed. R.App. P. 4(a)(5) provides in relevant part:

    The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a) [for filing a notice of appeal].

of appeal. In holding that the unique circumstances doctrine does not apply in that instance, the Court explained that the exception applies "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Id.* at 179, 109 S.Ct. at 993. *Osterneck* thus made clear that to qualify for the unique circumstances exception, the judicial action relied upon must include some affirmative assurance which, if proper, would have extended or postponed the deadline for filing the notice of appeal.

 This case does not qualify for application of the unique circumstances doctrine because although the statements made by the clerk's office staff may constitute specific assurances, they cannot fairly be characterized as official judicial action. With the exception of one case, application of the unique circumstances exception has been limited, so far as this court is aware, to situations involving written court orders or oral rulings made during the course of a hearing. *See, e.g., Center for Nuclear Responsibility v. NRC,* 781 at 941 n. 11 (collecting cases); *see also Prudential–Bache Securities, Inc. v. Fitch,* 966 F.2d 981, 985 (5th Cir.1992) (applying unique circumstances doctrine where official notice of entry of order issued by clerk on behalf of court contained specific, erroneous assertion affecting appeal deadline); *but see Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir.1984) (unique circumstances exception held applicable where litigant relied upon erroneous oral representations made by district court clerk).

It makes sense, moreover, that application of the unique circumstances exception has by and large been limited to formal court action, as a formal order or ruling (1) generates the highest level of justifiable reliance, and (2) raises virtually no possibility of evidentiary problems for appellate courts faced with applying the exception.

Because the unique circumstances exception, as originally articulated by the Supreme Court and as applied in the majority of cases, turns on a party's reliance on a formal court order or ruling, we hold that the exception is inapplicable to oral assurances provided by clerk's office staff. Accordingly, we dismiss this appeal for lack of jurisdiction.

It is in the nature of jurisdictional limits on appeals that occasionally a meritorious appeal will be lost through inadvertence or from the would-be appellant's being misinformed. A simple form notice in the district court, issued to pro se litigants at the time of a final adverse judgment, would reduce the incidence of this among pro se litigants.

*Dismissed.*