**PMD PRODUCE BROKERAGE CORP., Petitioner,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE and United States of America, Respondents.**

No. 00–1163.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 14, 2000.

Decided Dec. 19, 2000.

---

Kevin P. Claffey argued the cause and filed the briefs for petitioner. Paul T. Gentile entered an appearance.

M. Bradley Flynn, Attorney, U.S. Department of Agriculture, argued the cause for respondent. With him on the brief were James Michael Kelly, Associate General Counsel, and Margaret M. Breinholt, Acting Assistant General Counsel.

Before: WILLIAMS, ROGERS and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

PMD Produce Brokerage Corporation challenges the dismissal, as untimely, of its appeal of an administrative law judge's decision that it violated the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a–s ("PACA").[1] PMD contends that the Secretary of Agriculture's Rules of Practice Governing Formal Adjudicatory Proceedings, see 7 C.F.R. §§ 1.142(c), 1.145(a) (2000), are ambiguous regarding

1. See In re PMD Brokerage Corp., PACA Docket No. D–99–0004 (Dep't of Agric. March 31, 2000); In re PMD Brokerage Corp., PACA Docket No. D–99–0004, 2000 WL 202696 (Dep't of Agric. Feb. 18, 2000).

the time to appeal and, further, that it reasonably relied on statements of the Administrative Law Judge and the Hearing Clerk regarding the deadline for filing an administrative appeal. Because §§ 1.142(c) and 1.145(a) are ambiguous, as confirmed by contrary interpretations within the Department of Agriculture, we hold that the Secretary did not give fair notice of his interpretation of § 1.142(c)(2) as requiring an appeal to be filed within 30 days of issuance of an administrative law judge's oral decision. Accordingly, because the Secretary was arbitrary and capricious in dismissing PMD's appeal, we grant the petition.

## I.

The Secretary, acting through the Associate Deputy Administrator, Fruit and Vegetable Programs, Agricultural Marketing Service, filed an administrative complaint on November 16, 1998, alleging that PMD had violated § 2(4) of PACA, 7 U.S.C. § 499b(4), by willfully failing repeatedly to make full payment promptly to 18 sellers of 633 lots of perishable agricultural commodities that it had purchased and received. On November 12, 1999, the Department filed a motion for a bench decision, a proposed findings of fact and conclusions of law, and a proposed order, in accordance with § 1.142(b) of the Secretary's Rules of Practice, 7 C.F.R. § 1.142(b).[2] After hearing testimony, the Administrative Law Judge orally announced his decision. The Judge found that PMD had violated PACA and recommended revocation of PMD's license as a dealer and merchant of perishable agricultural products under PACA, 7 U.S.C.

§§ 499c, 499h(a). The Judge directed that his decision and order be published pursuant to the Rules of Practice and stated: "This decision will become final without further proceedings 35 days after service of this decision, unless [PMD] appeals this decision, pursuant to section 1.145 of the Rules of Practice (7 C.F.R. § 1.145)." The Judge thereafter excerpted his oral decision and filed the written excerpt on November 30, 1999.

By letter dated December 1, 1999 to PMD's counsel, the Hearing Clerk enclosed "a copy of the Bench Decision, issued ... on November 30, 1999." The letter stated that "[e]ach party has thirty (30) days from the service of this decision and order in which to file an appeal to the Department's Judicial Officer." The letter also instructed PMD "to consult § 1.145 of the Uniform Rules of Practice (7 C.F.R. § 1.145) for the procedure for filing an appeal."

On January 7, 2000, PMD filed with the Department's Judicial Officer a petition seeking reversal of the Judge's decision, and, alternatively, a new hearing. Following receipt of the Department's response, the Judicial Officer denied PMD's appeal for lack of jurisdiction. The Judicial Officer, relying on §§ 1.142(c)(2) & (4) of the Rules of Practice, found that the Judge's oral decision was issued on November 17, 1999 and became effective 35 days thereafter, on December 22, 1999. Because PMD's appeal was not filed before the decision became effective, the Judicial Officer ruled that he lacked jurisdiction to hear the appeal, citing Department precedent under the Rules of Practice.[3] Be-

---

**2.** Section 1.142(b) provides, in relevant part: Prior to the Judge's decision, each party shall be afforded a reasonable opportunity to submit for consideration proposed findings of fact, conclusions, order, and brief in support thereof.
7 C.F.R. § 1.142(b) (2000).

**3.** The Judicial Officer noted that the Secretary's interpretation of his Rules of Practice, treating time limits as jurisdictional, is consis-

tent with the judicial construction of Federal Rule of Appellate Procedure 4(a)(1) and 4(a)(5)(A) and the Administrative Orders Review Act, *see* 28 U.S.C. § 2344, as interpreted in *Illinois Central Gulf Railroad Co. v. ICC*, 720 F.2d 958, 960 (7th Cir.1983). *See Kidd v. District of Columbia*, 206 F.3d 35, 38 (D.C.Cir.2000); *Energy Probe v. United States Nuclear Regulatory Comm'n*, 872 F.2d 436, 437 (D.C.Cir.1989); *see also Marine Mammal*

cause he lacked jurisdiction to hear PMD's appeal, the Judicial Officer issued an order that the Judge's oral decision of November 17, 1999 was the final administrative order. The Judicial Officer denied PMD's petition for reconsideration.

## II.

On appeal, PMD contends that the Secretary's Rules of Practice, specifically §§ 1.142(c)(4) and 1.145(a), are internally inconsistent.[4] The ambiguity arises, PMD maintains, because the Rules of Practice do not indicate that "issuance" of an oral decision under §§ 1.142(c)(2) and (4) is to be considered "receiving service" under § 1.145(a). PMD points out that § 1.142(c)(4) provides that an oral decision becomes effective 35 days after issuance, while § 1.145(a) provides that a party has 30 days after "receiving service" of the Judge's decision to appeal. "Clearly," PMD contends, "receiving service of the Judge's decision is a form of notice of entry requirement, that requires serving a copy of the written decision on the parties before the time to appeal begins to run." In addition, PMD contends that it reasonably relied on the statements by the Judge and the Hearing Clerk that the Judge's opinion did not become effective until 35 days after service because they would not intentionally misinform a party about the time to appeal. The court reviews the Secretary's decision dismissing PMD's appeal to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 706(2)(A).

The Secretary states that he has consistently interpreted the Rules of Practice to divest the Judicial Officer of jurisdiction to hear an appeal of an administrative law judge's decision that has become effective. *See, e.g., In re Toscony Provision Co.,* 43 Agric. Dec. 1106, 1108–09 (Dep't of Agric.

*Conservancy, Inc. v. USDA,* 134 F.3d 409, 410–11 (D.C.Cir.1998).

1984) (order denying late appeal) and Department orders cited. Further, he states that PMD had actual notice from the Judge's oral ruling on November 17, 1999 that his decision would be final in 35 days unless an appeal was filed pursuant to § 1.145. Having failed to file an appeal before December 22, 1999, the Secretary maintains that PMD's contention that the court should disregard the jurisdictional nature of § 1.142(c)(4) is meritless. In other words, although not expressly stated in his Rules of Practice, the Secretary has interpreted "issuance" of an oral decision under § 1.142(c)(4) to mean "receiving service" for purposes of § 1.145(a).

The Secretary explains, in his brief on appeal, that the bench decision procedures of § 1.142 are designed to allow expedited proceedings in disciplinary cases where the violation is so patent that "the usual opportunity for the parties to submit written findings of fact and conclusions of law is unnecessary." Under these circumstances, the Secretary contends, "[n]o good reasons exist for delaying the imposition of the order of the [J]udge." Perhaps not. Indeed, on the basis of this rationale, the court could readily view the Secretary's interpretation of § 1.142(c)(4) as reasonable. *Cf. Veg–Mix, Inc. v. USDA,* 832 F.2d 601, 608–09 (D.C.Cir.1987). The question before the court, however, is not whether the Secretary's interpretation of the Rules of Practice is reasonable, but whether the Secretary has given fair notice of his interpretation that "issuance" of an oral opinion pursuant to § 1.142(c)(2) is "receiving service" for purposes of taking an appeal under § 1.145(a). *See United States v. Chrysler Corp.,* 158 F.3d 1350 (D.C.Cir.1998); *Rollins Environmental Servs. (NJ) Inc. v. EPA,* 937 F.2d 649 (D.C.Cir.1991); *Gates & Fox Co. v. Occupational Safety & Health Review Comm'n,* 790 F.2d 154 (D.C.Cir.1986).

4. Although PMD's brief refers to § 1.142(a)(4), there is no such subsection and it is obvious that PMD intends to refer to § 1.142(c)(4).

■ The dismissal of PMD's appeal implicates the Secretary's obligation to give fair notice because the sanction of dismissal of its appeal petition as untimely forecloses relief from revocation of its license under PACA. In *Satellite Broadcasting Co. v. FCC*, 824 F.2d 1 (D.C.Cir.1987), the court explained:

> Traditional concepts of due process incorporated into administrative law preclude an agency from penalizing a private party for violating a rule without first providing adequate notice of the substance of the rule. The dismissal of an application, we have held, is a sufficiently grave sanction to trigger this duty to provide clear notice.

*Id.* at 3 (citations omitted). In that case, an applicant for FCC licenses had failed to file its application in the proper location. *See id.* at 2–3. The court observed that the rules, taken as a whole, were conflicting. *Id.* at 2. Thus, while an "agency's interpretation [of its own rule] is entitled to deference, [ ] if it wishes to use that interpretation to cut off a party's right, it must give full notice of its interpretation." *Id.* at 4. Because the FCC had not provided fair notice of its interpretation of the relevant rules, the court held that it had acted arbitrarily and capriciously in dismissing the license applications, and that the applicant was entitled to reinstatement of the applications *nunc pro tunc. See id.*

Similarly, in *General Electric Co. v. EPA*, 53 F.3d 1324 (D.C.Cir.1995), the court deferred to the agency's reasonable interpretation of its rules but held that the agency could not fine a private party for failure to comply with a rule interpretation that was "so far from a reasonable person's understanding of the regulations that [the regulations] could not have fairly in-

formed GE of the agency's perspective." *Id.* at 1330. Most recently, in *Trinity Broadcasting of Florida, Inc. v. FCC*, 211 F.3d 618 (D.C.Cir.2000), the court rejected the agency's contention that its regulation requiring an entity to be "minority-controlled," *id.* at 628, provided fair notice of its interpretation of the regulation as mandating that non-profit organizations demonstrate *de facto* minority control and not simply a majority-minority board. *See id.* at 625, 628–30. The court likewise rejected the agency's contentions that agency statements and other agency action provided fair notice of its interpretation. *See id.* at 628–31. Therefore, the court reversed the denial of an application for renewal of a broadcast license. *See Trinity Broadcasting*, 211 F.3d at 632.

■ Here, the question is whether the Secretary's rules gave PMD fair notice of the time within which it had to appeal the Judge's decision.[5] Two sections of the Secretary's Rules of Practice are implicated. Section 1.142, addressing when an Administrative Law Judge's decision becomes effective, provides in relevant part:

> The Judge's decision shall become effective without further proceedings 35 days after the *issuance* of the decision, if announced orally at the hearing, or if the decision is in writing, 35 days after the date of service thereof upon the respondent, unless there is an appeal to the Judicial Officer by a party to the proceeding pursuant to § 1.145; Provided, however, that no decision shall be final for purposes of judicial review except a final decision of the Judicial Officer upon appeal.

7 C.F.R. § 1.142(c)(4) (2000) (emphasis

---

5. On appeal, the Secretary has abandoned the Judicial Officer's alternative position, in denying reconsideration, that PMD's appeal was untimely because it was filed 31 days after PMD was furnished a copy of the Bench Decision by the Hearing Clerk. PMD claims first, that it did not receive the Bench Decision until December 7, 1999, and second, that

under agency precedent, the Judicial Officer can grant an extension of time "if an appeal [i]s inadvertently filed up to 4 days late, e.g., because of a delay in the mail system...." *In re Scamcorp, Inc.*, 55 Agric. Dec. 1395, 1996 WL 678862, at *6 (Dep't of Agric. Nov. 7, 1996); *see also id.* at *7.

added).[6] Section 1.145, addressing appeals, provides in relevant part:

> Within 30 days after *receiving service* of the Judge's decision, a party who disagrees with the decision, or any part thereof, or any ruling by the Judge or any alleged deprivation of rights, may appeal such decision to the Judicial Officer by filing an appeal petition with the Hearing Clerk.

7 C.F.R. § 1.145(a) (2000) (emphasis added).

As the Secretary points out, §§ 1.142(c)(2) & (4) clearly describe when a Judge's opinion, whether oral or written, becomes effective. Similarly, § 1.145(a) clearly states there is a 30–day period within which to appeal the Judge's decision. But the triggering event under § 1.145(a) is "receiving service," and the Rules of Practice at no point state that "issuance" of an oral opinion under § 1.142(c)(2) is deemed "receiving service" for purposes of § 1.145(a). In other words, the Secretary's Rules of Practice are silent regarding whether "issuance" of an oral decision under § 1.142(c)(2) is "receiving service" for purposes of noting an appeal under § 1.145(a). Thus, PMD could not simply read the Rules of Practice and know that this was so. Nor would the purpose of expedition, which the Secretary asserts is the underlying rationale for the procedures in § 1.142(c), compel an interpretation of the regulations, much less give fair notice, that "issuance" is to be equated with "receiving service" under § 1.145(a). *Cf. Trinity Broadcasting*, 211 F.3d at 629–30. At oral argument, the Secretary agreed that the period after which an opinion becomes effective is different from the period in which a party may note an appeal.

 Of course, the Secretary may utilize means other than the language of his Rules of Practice to give adequate notice of his interpretation. *See, e.g., General Elec.*, 53 F.3d at 1329. However, the Secretary points to no action, such as public statements or pre-enforcement efforts, that would have informed PMD of the Secretary's interpretation. Instead, the statements by the Judge and the Hearing Clerk demonstrate that the Rules of Practice were ambiguous regarding the time period for appealing an oral bench decision. *See id.* at 1330–32. Each statement erroneously referred to "service" as the event triggering the 30–day appeal period and, consequently, neither statement informed PMD that the appeal period had been triggered by the Judge's oral issuance of his opinion on November 17, 1999. Such statements, it could be argued, justify application of a "unique circumstances" exception. *Prudential–Bache Securities, Inc. v. Fitch*, 966 F.2d 981, 984–86 (5th Cir.1992) (construing Fed. R.App. P. 4(a)); *cf. Moore v. South Carolina Labor Bd.*, 100 F.3d 162, 164 (D.C.Cir.1996). Under the unique circumstances doctrine, "appellate courts will excuse an untimely notice of appeal where the appellant could have filed a timely notice but was mislead to delay filing by a court order or ruling which purportedly extended or tolled the appeal deadline." *Id.* at 163.

In denying PMD's petition for reconsideration, the Judicial Officer made three principal points. First, he noted that PMD had been furnished with a copy of the Secretary's Rules of Practice, which are also published in the Federal Register, and that PMD's reliance on the statement of the Hearing Clerk was "misplaced." Yet the Rules themselves were, at best, unclear on the critical point for PMD. The lack of clarity was exacerbated by the Judge's statement, which appeared to be

---

**6.** Section 1.142 also provides:

> If the [Administrative Law Judge's] decision is announced orally, a copy thereof, excerpted from the transcript or recording, shall be furnished to the parties by the Hearing Clerk. Irrespective of the date such copy is mailed, the issuance date of the decision shall be the date the oral decision was announced.

7 C.F.R. § 1.142(c)(2) (2000).

consistent with the statement of the Hearing Clerk.

Second, the Judicial Officer emphasized that the only decision issued by the Judge was announced at the November 17, 1999 hearing. The written Bench Decision later received by PMD was merely an excerpt from the transcript of the earlier hearing. Hence, the Judicial Officer concluded that the reference to "this decision" in the Judge's Bench Decision furnished to PMD, as well as the references in the Hearing Clerk's December 1, 1999 letter, were all references to the oral decision issued on November 17, 1999. The Judicial Officer also recognized, however, that the references to the Judge's decision were "not without ambiguity." Further, the fact that the only decision in the case was the Judge's oral decision begs the question. The question is whether the Rules of Practice, or other action by the Secretary, provided fair notice of which event—"issuance" or "receiving service"—triggered the appeal time under § 1.145(a).

Third, the Judicial Officer found that the statements by the Judge and the Hearing Clerk that the decision would become effective 35 days after service, rather than after issuance, were "error" because the only decision in the case was the oral decision issued on November 17, 1999. Acknowledging further that there was an ambiguity in the statements made to PMD

by the Judge and the Hearing Clerk because both failed to distinguish between the November 17, 1999 oral decision and the written Bench Decision when informing PMD of the period to appeal, the Judicial Officer nevertheless appeared to conclude that a simple reading of the Rules of Practice sufficed to give fair notice to PMD. In that regard, for reasons already discussed, he erred. Moreover, any similarity between the Secretary's interpretation of § 1.145(a) as a jurisdictional bar and judicial construction of Federal Rule of Appellate Procedure 4 and the Administrative Orders Review Act, 28 U.S.C. § 2344, as presenting jurisdictional bars to untimely appeals, *see supra* n. 3, does not address whether the Secretary provided fair notice of his interpretation of § 1.142(c).

Accordingly, because neither the Secretary's Rules of Practice nor any other action by the Secretary provided fair notice to PMD that "issuance" of the Judge's oral decision under § 1.142(c) was "receiving service" for purposes of noting an appeal under § 1.145(a), we grant the petition.