**UNITED STATES of America, Appellant,**

v.

**Jose MARQUEZ, Appellee.**

**No. 01-3105.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 11, 2002.

Decided May 24, 2002.

Chrisellen R. Kolb, Assistant United States Attorney, argued the cause for appellant. With her on the briefs were Roscoe C. Howard, Jr., United States Attorney, John R. Fisher, Thomas C. Black, and John D. Crabb, Jr., Assistant United States Attorneys. Thomas J. Tourish, Jr., Assistant United States Attorney, entered an appearance.

Edward C. Sussman, appointed by the court, argued the cause and filed the brief for appellee.

Before: HARRY T. EDWARDS, ROGERS, and TATEL, Circuit Judges.

Opinion for the court filed by Circuit Judge EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

■ This case requires us to revisit the scope of the strict time limit for filing a motion for a new trial under Federal Rule of Criminal Procedure 33, a subject we addressed just two years ago in *United States v. Hall*, 214 F.3d 175 (D.C.Cir.2000). Rule 33 provides that a motion for a new trial based on grounds other than newly discovered evidence must be made within seven days "after the verdict or finding of guilty or within such further time as the court may fix" during that seven-day period. If the defendant fails to make a motion for a new trial within seven days and the court fails to "fix" a new due date for the motion during that period, the court loses jurisdiction and cannot grant such a motion at a later time. In *Hall*, the defendant had filed a timely motion for an extension of time to file a motion for a new trial, but the trial court neglected to rule on the motion within the prescribed period. 214 F.3d at 176. Weeks later, the court granted the motion *nunc pro tunc*

("now for then") to a date within seven days of the verdict. *Id.* We found that that court had impermissibly acted outside of the time limits of Rule 33 and, therefore, lacked the power to act. *Id.* at 176-78.

This case presents similar facts and is therefore governed by our decision in *Hall.* As in *Hall,* defendant Jose Marquez, within seven days of the verdict in his trial, made a motion for an extension of time to file a motion for a new trial. As in *Hall,* the District Court failed to rule on that motion within the seven-day period. Months later, Mr. Marquez filed a motion for a new trial, and the trial court eventually granted this motion more than a year after the verdict. The District Court justified its deviation from Rule 33 by asserting that this case falls within an exception for "unique circumstances." This was error.

The District Court had no power to grant a new trial to Mr. Marquez. As we explained in *Hall,* Rule 33 means what it says. 214 F.3d at 178. Nor does this case fall within the narrow exception for "unique circumstances" that could excuse the failure to comply with the rule. Such circumstances exist only when the cause of the failure to meet the deadline was "an erroneous ruling or assurance by the District Court itself." *Carlisle v. United States,* 517 U.S. 416, 428, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996). Here, the defendant relied on no such ruling. On the contrary, the trial court expressly cautioned the parties regarding the applicable time limits. Finally, applying the rule correctly does not compromise Mr. Marquez's rights, as he retains other avenues for pursuing his substantive claims. We therefore reverse the judgment of the District Court.

## I. Background

Mr. Marquez was charged with three federal drug-dealing crimes, including con-spiracy. He was tried before a jury with two co-defendants, found guilty of conspiracy to distribute, and acquitted of the two substantive offenses. Transcript of Verdict at 4163-64 (May 3, 2000), *reprinted at* Record Exhibit ("R.") C. The verdict was delivered on May 3, 2000. Immediately afterwards, the trial judge indicated a substantial likelihood that he would grant a motion for a new trial in Mr. Marquez's case. *Id.* at 4171. The trial judge warned the parties and their lawyers that, "under the rules," they had seven days to file motions for a new trial. *Id.* at 4169. The next day, the judge spoke with Mr. Marquez's trial counsel and recommended that Mr. Marquez file a motion for a new trial based on ineffective assistance of counsel. He advised counsel that she could not represent Mr. Marquez if he chose to argue ineffective assistance. *See United States v. Jose Marquez,* Crim. No. 99-0043, Opinion at 3-4 (Aug. 3, 2001) ("Op."), *reprinted at* R. O. The trial judge believed that counsel's cross-examination of two key Government witnesses may have been constitutionally deficient.

On May 8, 2000, trial counsel filed a Motion for Extension of Time to File Motion for a New Trial and a request for appointment of co-counsel. *See* R. D. Two days later, she filed an Amended Motion for Extension of Time. *See* R. E. The District Court, however, failed to rule on these motions within seven days of the verdict. Nor did the court *sua sponte* fix a further time for filing a motion for a new trial. The District Court took no action during the crucial seven-day window.

The government opposed trial counsel's motions on May 22. The next day, the District Court purported to grant the motions for extensions of time *nunc pro tunc* as of May 10, 2000. *United States v. Jose Marquez,* Crim. No. 99-0043, Memoran-

dum Opinion and Order at 4 (May 23, 2000), *reprinted at* R. H. Even then, the trial court did not fix the time for making a motion for a new trial. Instead, the court appointed new counsel and set a status conference for June 9. *Id.* at 5. The court found that barring Mr. Marquez's motions on jurisdictional grounds "would unduly prejudice him as a result of a delay entirely of the [District] Court's own making." *Id.* at 2. In granting the motions, the court relied in part on the District Court's opinion in *Hall*, which had not yet been reversed by this court. *Id.* at 3.

On June 2, this court issued its opinion in *Hall*, holding that Rule 33 is unambiguous and that its limits are jurisdictional. 214 F.3d at 178-79. We noted that in *Carlisle*, the Supreme Court had allowed that a failure to meet a time limit might be excused in the "unique circumstances" when the reason for the failure was an "erroneous ruling or assurance by the District Court itself." *Id.* at 177 (quoting *Carlisle*, 517 U.S. at 428, 116 S.Ct. 1460 at 1467).

On June 9, the trial judge held a status conference to establish a schedule for filing Mr. Marquez's motion for a new trial. The judge stated that he thought this court's opinion in *Hall* was wrong, but that he also believed the "exception" in *Hall* for "unique circumstances" applied to this case. Transcript of Status Conference at 6-7 (June 9, 2000), *reprinted at* R. L.

Mr. Marquez, through newly appointed counsel, did not file an actual motion for a new trial until July 14, 2000. R. P. By opinion, the District Court granted the motion on August 3, 2001, more than a year after the verdict. In its opinion, the District Court found that Mr. Marquez's failure to file a timely motion was excused because of "the erroneous advice he received from this Court." Op. at 7. The court also set forth two alternative rationales for its exercise of jurisdiction. First, it suggested that it could construe one or both of the motions for extensions of time as a motion for a new trial. *Id.* at 9 n. 2. Second, it suggested that it could find trial counsel's failure to file a new trial motion within seven days itself to constitute ineffective assistance of counsel. *Id.* at 9.

## II. Discussion

### A. The time limits prescribed by Rule 33

██ We review the District Court's grant of a new trial *de novo*, because it implicates jurisdictional concerns. *See Hall*, 214 F.3d at 177 (citation omitted). Defense counsel filed only a motion for an extension of time and failed to request a new trial within the prescribed time limits. The trial court, meanwhile, failed to act on the motions for an extension of time within the seven-day window. According to the clear language of Rule 33, the District Court forfeited the power to act when it failed to grant a new trial or fix a new time for filing a motion for a new trial within seven days of the verdict. *See* Fed. R.Crim.P. 33; *Hall*, 214 F.3d at 177; *see also United States v. Smith*, 331 U.S. 469, 473-74, 67 S.Ct. 1330, 91 L.Ed. 1610, 67 S.Ct. at 1332–33 (1947) (rejecting the argument that a trial court retains the power to grant a new trial on its own motion after the expiration of the time provided in Rule 33).

It is clear from the record that the trial judge would have granted the motions for an extension and fixed a new due date for a motion for a new trial had he been aware of our decision in *Hall*, which was not issued until after the critical seven days. Now that *Hall* is on the books, this situation will not arise again. District Court judges now know, beyond a shadow of a doubt, that they must act within the seven-

day period to preserve jurisdiction over an anticipated motion for a new trial. Moreover, Rule 33 does not unduly burden District Court judges, even with their concededly full dockets and busy schedules. While the rule's time limits are strict, the rule affords judges great flexibility to set a new due date that will give the parties adequate time to make a well-supported motion for a new trial. Where, as in this case, a judge is concerned that it will take time to appoint new counsel and give counsel time to become versed in the details of the case, he or she may fix a generous time for the filing of the motion.

## B. The "Unique Circumstances" Doctrine

■ The District Court erroneously found that this case falls within an exception for "unique circumstances." The unique circumstances doctrine mentioned in *Hall* is very narrow and rarely applied. *See Panhorst v. United States*, 241 F.3d 367, 370-71 (4th Cir.2001) (observing that the Supreme Court has not applied the doctrine since 1964). The doctrine dates back to the 1960s. *See Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (*per curiam*) (giving effect to a notice of appeal filed after the deadline where the petitioner had relied on a statement of the District Court); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (*per curiam*) (allowing a late-filed appeal where the petitioner relied on the trial judge's finding of excusable neglect). Its ongoing vitality is far from assured. *See Houston v. Lack*, 487 U.S. 266, 282, 108 S.Ct. 2379, 2388, 101 L.Ed.2d 245 (1988) (Scalia, J., dissenting) (stating in a dissent joined by three other justices that later cases effectively repudiate the doctrine).

■ Assuming the exception's continued validity, as we must, *see State Oil Co.*

*v. Khan*, 522 U.S. 3, 20, 118 S.Ct. 275, 284, 139 L.Ed.2d 199 (1997) (stating that only the Supreme Court may overrule one of its precedents), this case falls outside its narrow parameters. The exception is limited to cases in which a party misses a deadline because he has been misled by a ruling or an order of the court containing assurances that the deadline has been extended. *See Moore v. S.C. Labor Bd.*, 100 F.3d 162 (D.C.Cir.1996) (*per curiam*). In this case, the parties were not misled by the trial court. On the contrary, the trial judge expressly warned the parties about the limits of Rule 33. Where, as here, the court does not affirmatively issue a ruling or order misleading the parties, the unique circumstances doctrine has no application.

## C. The District Court's alternative rationales fail

■ Mr. Marquez's motions for an extension of time, filed within the seven-day period, cannot be construed as motions for a new trial. Both of Mr. Marquez's motions lacked the essential ingredient for such a motion: they failed to request a new trial. *See* FED.R.CRIM.P. 47 (providing that a motion must set forth the relief sought). One of the motions stated that ineffective assistance of counsel may be grounds for a new trial, but did not actually request a new trial. *See* R. D. Moreover, the motion admitted that trial counsel had not been able to draft the motion for a new trial. *Id.*

■ Similarly, the District Court's suggestion that it would regard the failure to file a motion for a new trial as constituting ineffective assistance of counsel does not cure the problem here. In other pronouncements, the trial judge took responsibility for the "mistake" of allowing the seven days to lapse and noted that it was not trial counsel's fault. Even if trial counsel's failure to file the correct motion were behavior amounting to ineffective as-

sistance, this would not be grounds for suspending Rule 33. The only exception to the rule's limits is an erroneous ruling by the trial court; a mistake by counsel is insufficient.

### D. Mr. Marquez's options

One final observation is in order. Contrary to the protestations of counsel, a strict application of Rule 33 will not fundamentally compromise Mr. Marquez's rights. While the rule is clear in foreclosing a late-filed motion for a new trial, two avenues remain whereby Mr. Marquez may present his claim of ineffective assistance of counsel. First, he may pursue a direct appeal. In the appeal, he has the benefit of a strong opinion by the District Court explaining why it concluded that trial counsel's representation was ineffective. If Mr. Marquez succeeds in his appeal, he will gain a new trial.

Convicted defendants who appeal are generally afforded a full hearing on the issue of ineffective counsel even without the benefit of a full-blown District Court opinion on the subject. This is because this court frequently remands such claims to the District Court for an evidentiary hearing unless the merits of the claim are clear from the record. *See United States v. Weaver*, 281 F.3d 228, 233-34 (D.C.Cir. 2002). We recently had occasion to explain this practice:

> The theory presumably is that trial counsel cannot be expected to argue his own ineffectiveness in a motion for a new trial, and so we ought to allow new counsel to argue it on appeal.... [Rule 33] requires new trial motions to be filed within 7 days of the verdict, yet our practice of remanding to the district court for an evidentiary hearing has the effect of greatly extending that time limit.

*Id.* at 234. This court has long recognized that defendants often will miss Rule 33's deadline for making a motion for a new trial where the claimed defect is ineffective assistance of counsel, and has sought to address the problem without violating the rule's strictures. *See id.*; *United States v. Tindle*, 522 F.2d 689, 692-93 (D.C.Cir.1975) (*per curiam*) (recognizing that, often, the ineffective assistance issue "is not discerned until long after the time limit of Rule 33 ... has expired" and consequently holding that where a defendant filed a motion for a new trial alleging ineffective assistance, the District Court could treat it as a motion under § 2255 and consider it even during the pendency of a direct appeal). Thus, in ineffective assistance cases (where it might seem unrealistic to expect counsel to meet the deadline), the strict time limits are effectively extended when the defendant pursues a direct appeal with new counsel.

Second, Mr. Marquez may make a motion under 28 U.S.C. § 2255 raising the issue of ineffective assistance of counsel. Either way, his claim will be considered, either directly by this court or by the District Court. *See United States v. Torres*, 115 F.3d 1033, 1037 (D.C.Cir.1997) (holding that appellant's Rule 33 motion based on ineffective assistance was untimely and agreeing that appellant could raise the issue directly on appeal, but declining to remand for the customary evidentiary hearing because appellant had "renewed the identical claim in a collateral attack" pending before the district court). In short, our adherence to the letter of Rule 33 will not deprive Mr. Marquez of any fundamental legal rights.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the District Court.