Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 6, 2004          Decided June 11, 2004

No. 01-3017

UNITED STATES OF AMERICA,
APPELLEE

v.

DENNIS HALL,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(98cr00435–01)

*A.J. Kramer*, Federal Public Defender, argued the cause and filed the briefs for appellant.

*Chrisellen R. Kolb*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Roscoe C. Howard, Jr.*, U.S. Attorney, and *John R. Fisher*, *Roy W. McLeese III*, and *Daniel M. Cisin*, Assistant U.S. Attorneys. *Thomas J. Tourish, Jr.*, Assistant U.S. Attorney, entered an appearance.

---

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before: GINSBURG, *Chief Judge*; HENDERSON and RANDOLPH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: This is the third time the case of *United States v. Hall* has been before us. In the earlier cases, the government appealed district court orders granting Hall new trials. *United States v. Hall*, 214 F.3d 175 (D.C. Cir. 2000); *United States v. Hall*, 324 F.3d 720 (D.C. Cir. 2003). We reversed both orders. In this case, Hall appeals his conviction for possessing a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). His arguments are that his trial attorney's failure to file a timely new trial motion constituted ineffective assistance and that errors at trial, mainly during closing argument, tainted the verdict.

## I.

At the close of the government's case-in-chief, the district court told the jury that the prosecution and defense stipulated that Hall had been convicted in the District of Columbia of "a crime punishable by imprisonment for a term exceeding one year" (18 U.S.C. § 922(g)(1)). Hall's defense was that he did not possess the pistol recovered under a van just after midnight on December 3, 1998.

The events leading to recovery of the pistol that evening are as follows. Plainclothes officers were on a routine patrol, traveling in two marked police cruisers in the Barry Farms housing project, a high crime and drug area in the District of Columbia. Officers noticed Hall alone in a walkway between townhomes. As one of the police cars approached, Hall bolted. Officers in the other car saw Hall running through the alleys. Two of these officers – Moye and Rollins – got out of their car and watched Hall run around another house. Officer Moye saw him stop behind a van, bend down and place an object under the van, and start running again, this time toward the two officers. Officer Rollins detained Hall while Officer Moye went to the van, under which he found a loaded .22 caliber pistol. He left the pistol there, returned to Officer Rollins and "motioned with [his] lips" that there was a

gun under the van. Hall, who was on his knees facing away from Officer Moye, asked Officer Rollins: "What did he say, there's a gun under the car? Did he say he found a gun?" The officers then arrested Hall. A search incident to the arrest produced a small amount of marijuana. (Hall was also indicted for illegally possessing marijuana; he conceded his guilt at trial.)

The jury returned its verdict of guilty on May 5, 1999. Under Federal Rule of Criminal Procedure 33(b)(2), new trial motions based on grounds other than newly discovered evidence must be filed within seven business days after the verdict "or within such further time as the court sets during the 7-day period." *See* FED. R. CRIM. P. 45(a) & (b)(2). On May 14, seven business days after May 5, Hall's attorney filed a motion to extend the time for filing a new trial motion. The district court did not act on the extension motion until early June, when the court issued an order "nunc pro tunc," giving Hall until June 10 to file a motion for a new trial. Hall filed his motion on that date and, over the government's objection, the district court granted it. We reversed on the ground that the district court had no authority under Rule 33 to grant an extension of time after the seven-day period expired. 214 F.3d at 178.

On remand, the district court again ordered a new trial, this time on the basis of "newly discovered evidence," a ground that may be raised within three years of the verdict. FED. R. CRIM. P. 33(b)(1). The newly discovered evidence was the failure of Hall's attorney to file a new trial motion within seven business days of the verdict. We reversed, holding that the court erred in granting "a new trial based on conduct that did not occur until after trial." 324 F.3d at 724.

## II.

Hall's claim of ineffective assistance of counsel rests on the proposition that his attorney should have filed a new trial motion rather than a motion for extension of time. We think there is nothing to this. Hall's attorney complied with the rules; she missed no deadlines; her motion was timely; and

Rule 33 clearly authorizes motions for extensions of time to file new trial motions. As we have recognized, seven days may not always be "adequate time to make a well-supported motion for a new trial," which is why Rule 33 "affords judges great flexibility to set a new due date," *United States v. Marquez*, 291 F.3d 23, 28 (D.C. Cir. 2002). It is true that Hall's attorney waited until the eleventh hour before seeking an extension and thus ran the risk that the district court might not act before the end of the seven-day time limit (or might deny the motion at the last minute). But it is also true that the attorney's assistant called the district court's chambers several times on the afternoon of May 14 to stress the urgency of the motion. The district court took no action, not out of neglect, but deliberately, apparently believing – incorrectly – that it could ignore the Rule 33 deadline. The court explained in its nunc pro tunc order of June 3 that it "held the motion [for extension] in abeyance in order to afford the United States an opportunity to respond," *United States v. Hall*, No. 98-435-LFO (D.D.C. June 3, 1999), an explanation the court reiterated in its first order granting a new trial.[1] *United States v. Hall*, No. 98-435-LFO, Order at 4 (D.D.C. Nov. 3, 1999). Given this state of affairs, it may not have mattered that defense counsel filed the extension motion on the seventh business day after the verdict rather than on, say, the third or the fourth. The local rules gave the government eleven days to reply to the motion, unless the court ordered otherwise, which it did not. D.C. L. CR. R. 47(b). In *Hall I* we faulted defense counsel for filing an extension motion rather than a new trial motion, stating that at oral argument counsel for Hall "offered no explanation" for following the former course. 214 F.3d at 178. Whatever may have occurred at oral argument in this court, the extension motion did provide a reason to the district court – defense counsel

---

[1] The district court granted a new trial on the ground that the prosecution failed to give the notice that it would use Hall's prior conviction in a manner permitted by Rule 404(b) of the Federal Rules of Evidence, a point the court raised *sua sponte*. It is worth noting that Hall does not make this argument in urging that we reverse his conviction.

stated that she had been hospitalized, after which her trial schedule became "especially demanding," so much so that she had not had a chance to address the issues warranting a new trial. The district court realized that any blame could not be laid at the feet of Hall's attorney. In granting the first new trial motion, the court described Hall's motion for an extension of time as "timely" and stated that it would be "manifestly unjust" to "penalize the defendant for the Court's delay in granting the motion . . . ." *Hall,* No. 98-435-LFO, Order at 4 (D.D.C. Nov. 3, 1999). The problem Hall encountered was therefore not that his attorney negligently missed a deadline as in *Roe v. Flores-Ortega,* 528 U.S. 470 (2000). The problem was that the district court did not view the seven-day period as a strict deadline. (The court was not alone in that view. *See United States v. Marquez,* 291 F.3d at 26-27.) For all of these reasons, we hold that in filing the extension motion on the seventh day, Hall's attorney did not perform in a "professionally unreasonable" manner and that Hall was not deprived of the effective assistance of counsel within the meaning of the Sixth Amendment to the Constitution. *Strickland v. Washington,* 466 U.S. 668, 691 (1984).[2]

## III.

Hall complains that the prosecution referred to his felony conviction too often in its arguments to the jury: four times in the opening argument, eight times in the closing argument, and four times in the rebuttal. Hall never objected on this ground[3] and so the question is whether the district court

---

[2] Hall argues that the government waived a challenge to the new trial rulings because it did not contest the merits of those rulings in *Hall I* or *Hall II.* We decided both cases on jurisdictional grounds in favor of the government. That the government limited its arguments to those jurisdictional grounds did not signify that it was waiving any argument in support of the verdict after the new trial orders had been vacated and Hall had appealed his conviction.

[3] Citing the transcript of the prosecutor's opening argument, Hall claims he attempted to make such an objection. The claim is frivolous. After the prosecutor referred – for the first time – to

committed plain error in not, at some point, calling a halt to these remarks. *United States v. Olano*, 507 U.S. 725, 732 (1993).

In *United States v. Moore*, 104 F.3d 377, 382 (D.C. Cir. 1997), we stated that a defendant may "be unduly prejudiced by repeated and gratuitous references to the existence of the previous conviction." Hall relies heavily on this statement, but the undue prejudice *Moore* had in mind did not relate to the § 922(g) charge in that case; it related to the additional charges that were joined with the felon-in-possession count, charges for which a prior felony conviction was not an element of the offense. *United States v. Myles*, 96 F.3d 491, 495 (D.C. Cir. 1995), and *United States v. Jones*, 67 F.3d 320, 322 (D.C. Cir. 1995), are additional examples.

The only other charge against Hall was possession of marijuana, as to which he conceded his guilt. In effect, then, the case was the same as if he were tried on a one-count indictment for possessing a firearm after being convicted of a felony. In such prosecutions, mentioning the defendant's previous conviction to the jury can hardly be considered "gratuitous"; the conviction is an element of the offense, as the district court instructed the jury in this case. A written copy of those instructions was with the jury when it was deliberating, as was the indictment. Both documents, of course, recited Hall's prior conviction and served as a constant reminder to the jury of that uncontested fact. The

Hall's status as a felon and then said there was a stipulation to that effect, Hall's attorney began "Your Honor" and was cut off by the court, which stated "That's all right." Three points. One, it is impossible to view this as an attempt to object on the ground that the prosecutor had mentioned Hall's conviction too many times. At the time of the exchange, the prosecutor had mentioned this but once. Two, in context the most likely point defense counsel wanted to make was that the prosecutor should not have referred to the stipulation. Defense counsel's interjection occurred not at the first mention of Hall's conviction but when the prosecutor then referred to the stipulation. Three, despite many opportunities, at no point did defense counsel ever object on the ground that the prosecutor was mentioning Hall's conviction too often.

prosecutor's mentioning of Hall's conviction more than a dozen times in her opening and closing arguments only reminded the jury of something it already knew. All but a few of the references either stated the nature of the § 922(g) charge or the fact that Hall's status as a felon was uncontested. The remaining references consisted of the prosecutor's argument that Hall fled from the police because he knew he was a felon and did not want to be caught with a firearm.[4] Repetition may or may not be an effective way to argue a case. Prosecutors – like defense attorneys – may strike "hard blows," although not "foul ones." *Berger v. United States*, 295 U.S. 78, 88 (1935). While we do not deny the discretion of district courts to rein in overly zealous prosecutors, we hold that the district court did not commit plain error in failing to limit the prosecutor to some number (unspecified by Hall) of references to Hall's conviction.

Hall also takes issue with another aspect of the prosecutor's argument to the jury. In response to the prosecutor's contention that Hall fled from the police because he was a convicted felon, defense counsel told the jury that it is normal for young black men in the District of Columbia to feel intimidated by, and run from, the police. In rebuttal, the prosecutor challenged this assertion and asked the jury not to "let [defense counsel] get away with playing the race card." Hall objected, but the district court took no corrective action.

The prosecutor's statements were not an improper reply to the argument of defense counsel. The prosecutor implored the jury not to take race into account; defense counsel wanted the jury to consider Hall's race. Thus, unlike *United*

---

[4] Defense counsel objected, unsuccessfully, that this was a misuse of Hall's conviction. Although Hall's argument on appeal is that the sheer number of references to his conviction constituted undue prejudice, one sentence in his opening brief claims there was no evidence that he ran from the police because of his prior conviction. This one sentence, unaccompanied by argument or any citation to authority, does not preserve the issue for decision. *See, e.g., United States v. Mathis*, 216 F.3d 18, 27 n.4 (D.C. Cir. 2000); *SEC v. Banner Fund Int'l*, 211 F.3d 602, 613-14 (D.C. Cir. 2000).

*States v. Richardson*, 161 F.3d 728, 736-37 (D.C. Cir. 1998), the prosecutor was not injecting race into the case. *See also United States v. Doe*, 903 F.2d 16, 24 (D.C. Cir. 1990). He was trying to take race out of the case.

Hall also contends that the prosecutor, in his rebuttal argument, improperly asked the jury what possible motive Officers Moye and Rollins would have to lie and asserted that it was "ridiculous" to claim that they would put their careers at risk to win one conviction. Hall cites *United States v. Boyd*, 54 F.3d 868 (D.C. Cir. 1995), where we said that a prosecutor's remark about a police officer not risking his career for one conviction "was clearly improper." *Id.* at 871. There is no indication in *Boyd* that the prosecutor was responding to defense arguments. In this case, Hall's attorney attacked the officers' credibility, stating among other things that it was "unconscionable that two police officers could take the stand against anyone and not tell you the whole truth," that Officers Moye and Rollins had a "stake in the outcome of this trial," and that they wanted "some validation of their police conduct." Defense counsel thus suggested that the officers' desire not to jeopardize their careers gave them a motive to commit perjury. The prosecutor's denial of this suggestion did not constitute prejudicial error.[5] *See United States v. Young*, 470 U.S. 1, 12-13 (1985); *United States v. Robinson*, 59 F.3d 1318, 1323 (D.C. Cir. 1995); *United States v. Nnanyererugo*, 39 F.3d 1205, 1209 (D.C. Cir. 1994).[6]

\* \* \*

For the reasons stated, the judgment of conviction is affirmed.

---

[5] We do not mean to say that the defense argument – or the prosecutor's reply – was proper. *See United States v. Young*, 470 U.S. 1, 11 (1985).

[6] We have considered and rejected Hall's other arguments.