Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports.  Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided April 6, 2007

No. 05-7170

ENOCH J. WILLIAMS,
APPELLANT

v.

WASHINGTON CONVENTION CENTER AUTHORITY,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 03cv01806)

———

*Enoch J. Williams*, appearing *pro se*, was on the brief for appellant.

*David B. Stratton* and *Deborah M. Whelihan* were on the brief for appellee.

Before: HENDERSON, ROGERS and BROWN, *Circuit Judges*.

PER CURIAM: Enoch J. Williams, acting *pro se*, seeks to

appeal a decision by the district court. However, a series of errors in the district court led him to file his notice of appeal outside the deadlines prescribed by the federal rules, jeopardizing his quest to pursue the merits of his age discrimination and retaliation claims in this court. Under *Moore v. South Carolina Labor Board*, 100 F.3d 162 (D.C. Cir. 1996) (per curiam), a misreading of the federal rules of appellate procedure by the district court can ensnare even a *pro se* appellant who follows the district court's instructions diligently if the result is an untimely notice of appeal. Accordingly, we must dismiss Williams' appeal.

## I.

On August 28, 2003, Enoch J. Williams filed a complaint, through counsel, alleging that the Washington Convention Center Authority had engaged in age discrimination and retaliation in violation of Title VII, the Age Discrimination in Employment Act, and the D.C. Human Rights Act. In late 2004, Williams' counsel, a solo practitioner, died. On November 10 of that year, Williams filed a "Notice to Court" that reads in full:

> I, Enoch J. Williams am requesting that the United States District Court For The District of Columbia send all correspondence in the above case to me until further notice. This motion is requested due to the death of my attorney, Janet Cooper.

Although this notice was docketed and filed, the address on the first page of the case file was not changed. Consequently, when summary judgment was entered in favor of the Convention Center on March 15, 2005, and an order issued that same day dismissing the case with prejudice, Williams was not notified by the district court.

According to Williams, he learned of the dismissal of his case more than two months later, on May 23, 2005. In the course of searching for new counsel, a legal assistant to a private attorney checked the latest docket sheet and found the final judgment order. A courtesy copy of the district court's memorandum opinion was forwarded to him by "the interested attorneys." The next day, Williams went to the district court and was directed to a member of the clerk's office. On appeal, Williams claims that he spoke to a clerk's office employee, who updated the docket so that future communications would be sent to Williams, and that after going upstairs to consult a judge, the clerk's office employee told Williams that he had thirty days to file a motion in the district court to pursue an appeal.

Twenty-eight days later, on June 21, 2005, Williams filed a Motion to File an Appeal Out of Time and Notice of Appeal. Over the Convention Center's opposition, the district court granted the motion in part, ordering Williams to "file a Notice of Appeal within thirty days of the date of this order." The order was dated October 31, 2005, and Williams filed his notice of appeal on November 29, 2005.

## II.

Under ordinary circumstances, an appeal must be noticed no more than thirty days after judgment is entered. FED. R. APP. P. 4(a)(1); *see* FED. R. CIV. P. 58(a). The district court may extend this deadline upon a showing of good cause, but only for an additional thirty days. FED. R. APP. P. 4(a)(5). Even this extended period had expired by the time Williams learned of the dismissal of his case.

For cases where the prospective appellant is not notified of the judgment, the federal rules provide that the district court may reopen the time to appeal for fourteen days when a party

entitled to notice, who did not receive the notice within twenty-one days after entry, files a motion within 180 days or seven days after receiving notice, whichever is earlier, so long as no party will be prejudiced. FED. R. APP. P. 4(a)(6) (2005) (amended Dec. 1, 2005). What constitutes "notice" has since been clarified by an amendment to Rule 4(a)(6). But under the rule as it stood during the times relevant to this appeal, Williams received notice, at the latest, on May 24, 2005, when the district court clerk's office confirmed the dismissal of his case with prejudice. *See Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1214-15 (D.C. Cir. 1996). Thus, Williams was required to file a motion by June 3, 2005; by waiting eighteen more days, he was too late.

The difficulty lies in the fact that Williams claims to have acted in accordance with guidance he received from the district court. First, after Williams learned that the district court had failed to notify him of the judgment dismissing his case, he alleges that an employee in the clerk's office, who claimed to be relaying a message from a district court judge, informed him that he had thirty days to file his appeal. A reasonable litigant, especially one who is proceeding *pro se* after notifying the district court of the death of his attorney, would assume that the district court itself should be able to correct its own error in failing to notify him of the dismissal of his case by assuring the litigant that he had thirty days to appeal. Williams would not reasonably have second-guessed this assurance. Second, when the district court granted his motion to late-file his notice of appeal, he was again informed by the district court that he had thirty days to act. Neither the clerk's office employee nor the district court gave Williams advice that comports with the federal rules, as Rule 4 limits the reopening to fourteen days.

The Supreme Court has recognized a narrow exception to the strict deadlines of Rule 4. The "unique circumstances"

doctrine was introduced in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962) (per curiam), where the Court held that a litigant does not forfeit his appeal when the district court errantly grants a motion for an extension of time before the original deadline and the appellant relies upon that extension to his detriment, *see id.* at 217; *see also Thompson v. INS*, 375 U.S. 384, 398-99 (1964). The courts of appeals, including this court, *see, e.g.*, *Aviation Enters. v. Orr*, 716 F.2d 1403, 1406 n.25 (D.C. Cir. 1983); *Webb v. Dep't of Health & Hum. Servs.*, 696 F.2d 101, 106 (D.C. Cir. 1982), gradually widened this exception to encompass other errors in the district court. Then, in 1989, the Supreme Court held in *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), that the unique circumstances doctrine did not apply where the court had merely accepted and processed an untimely notice of appeal. The Supreme Court instructed that the doctrine extends "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Id.* at 164.

In 1996, this court interpreted *Osterneck*. In *Moore*, a *pro se* litigant contended that he did not file his appeal within thirty days because a staff person in the district court clerk's office had informed him that he had sixty days to file his appeal. 100 F.3d at 163. Taking this allegation as true, the court determined that the unique circumstances exception "turns on a party's reliance on a formal court order or ruling" and that the clerk's assurances could not "fairly be characterized as official judicial action." *Id.* at 164. The court stated: "[W]e conclude that the unique circumstances exception applies only where a party who could have filed a timely notice of appeal is lulled into missing the deadline by a formal court order or ruling, containing specific assurances that action which extends or postpones the deadline has properly been taken . . . ." *Id*. at 162.

Even taking Williams' allegations as true, notwithstanding his good-faith attempt to appeal, none of his communications with the district court within the seven days allowed by Rule 4(a)(6) can be construed as official judicial action. *See Moore*, 100 F.3d at 164; *see also United States v. Marquez*, 291 F.3d 23, 28 (D.C. Cir. 2002). Nor can he succeed on the basis of the district court's order of October 31, 2005, which purported to grant Williams' *pro se* motion to reopen the time to notice his appeal. That order came after the appeal had already been forfeited, and a court may not enlarge the time limits for filing the notice of appeal except as authorized by the rules. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314-15 (1988); FED. R. APP. P. 26(b)(1). As such, following *Moore*, we must dismiss the appeal.

This court acknowledged in *Moore* that "[i]t is in the nature of jurisdictional limits on appeals that occasionally a meritorious appeal will be lost through inadvertence or from the would-be appellant's being misinformed." *Id.* For better or for worse, this is not such a case. Even were we able to construe the unique circumstances doctrine to encompass Williams' case, this court would be unable to offer relief on the merits to Williams. Williams has offered nothing to demonstrate error by the district court, which ruled that he failed to create an inference of age discrimination or to allege facts that could either rebut or show pretext in the Convention Center's proffer of a legitimate, non-retaliatory explanation for its actions. *See Broderick v. Donaldson*, 437 F.3d 1226, 1231-32 (D.C. Cir. 2006); *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999).

Accordingly, we dismiss the appeal for lack of jurisdiction.